COX v LaLONDE

Docket No. 46434. Submitted June 9, 1980, at Lansing.—Decided November 4, 1980.

An automobile driven by Rexford P. Cox was struck in the rear by the automobile driven by Lance C. LaLonde. Cox commenced an action in circuit court for damages, alleging serious impairment of bodily function and/or permanent serious disfigurement, so as to take the matter out from under the no-fault insurance act's provisions. Cox's wife, Helen, sought damages for loss of consortium. A jury in Midland Circuit Court, Tyrone Gillespie, J., returned a verdict of no cause of action, having by special verdict held that defendant, Lance LaLonde, was not negligent and plaintiff Rexford P. Cox had not suffered serious impairment of bodily function or permanent serious disfigurement. The trial court denied plaintiffs' motion for a new trial. Plaintiffs appeal alleging error in the trial court's instructions to the jury and in the trial court's denial of their motion for a directed verdict. *Held:*

1. The trial court properly charged the jury that a violation of a statute by defendant constitutes prima facie evidence of negligence rather than charging the plaintiffs' requested instruction that such violation of statute constitutes negligence as a matter of law. The negligence at law language of the standard jury instruction does not accurately state the law with respect to the effect of a statutory violation.

2. The trial court properly charged the jury as to sudden emergency, even though not requested to do so, since the

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence § 8.
[2] 57 Am Jur 2d, Negligence §§ 8, 93.
[3, 5] 5 Am Jur 2d, Appeal and Error §§ 891, 893.
    75 Am Jur 2d, Trial § 610.
    Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.
[4] 8 Am Jur 2d (Rev), Automobiles and Highway Traffic §§ 1105-1108.
[6] 57 Am Jur 2d, Negligence §§ 7, 9.
    75 Am Jur 2d, Trial § 469.
[7] 5 Am Jur 2d, Appeal and Error § 891.

evidence clearly raised a question of whether the defendant was confronted by a sudden emergency.

3. Plaintiffs will not be heard to allege error on the part of the trial court because of the court's failure to strictly follow the language of the standard jury instructions, since plaintiffs' charge which the plaintiffs requested was itself not strictly a standard jury instruction but rather their own amended version. Further, the request failed to include a necessary portion of the standard jury instruction and, therefore, was erroneous.

4. The failure of the trial court to charge the jury under the careless driving statute does not mandate reversal. Since the trial court charged the jury that the defendant must use ordinary care for the safety of person and property, any charge to the jury relative to the careless driving statute would merely restate defendant's duty of care. Such duplication of jury instructions is not necessary.

5. An allegation of error on the basis that the trial court failed to use the exact language of a standard jury instruction will not be heard on appeal where an objection to the language used was not voiced below and the trial court's departures from the standard jury instruction were slight and of no significance.

6. The trial court properly denied plaintiff's motion for a directed verdict since there existed questions of fact both with respect to defendant's liability and whether plaintiff had suffered serious impairment of bodily function.

7. By failing to specifically object to the inclusion on the special verdict form submitted to the jury of a special question relative to bodily impairment, plaintiffs have failed to preserve for appellate review the propriety of the inclusion of that special question.

Affirmed.

1. NEGLIGENCE — JURY INSTRUCTIONS — VIOLATION OF STATUTE — NEGLIGENCE AS MATTER OF LAW — PRIMA FACIE PROOF OF NEGLIGENCE — STANDARD JURY INSTRUCTIONS.

The Michigan standard jury instruction concerning the effect of a statutory violation by the defendant in a negligence action is incorrect to the extent that it provides that the violation of a statute constitutes negligence as a matter of law, the proper standard now being that such violation constitutes prima facie proof of negligence (SJI 12.01).

2. NEGLIGENCE — JURY INSTRUCTIONS — SUDDEN EMERGENCY — STANDARD JURY INSTRUCTIONS.

It is proper for a trial court to give the excused violation of

statute standard jury instruction, even if not requested to do so, where the violation of statute standard jury instruction is requested and given and there is evidence creating a question of fact whether the defendant was confronted by a sudden emergency (SJI 12.01[A]).

3. APPEAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS — REQUEST TO INSTRUCT JURY — ERRONEOUS INSTRUCTION.

The failure of a trial court to use the exact language of a standard jury instruction may not be asserted on appeal where the party alleging error did not strictly request the standard jury instruction but rather requested its own amended version and that amended version was erroneous in that it failed to include a necessary portion of a standard jury instruction.

4. NEGLIGENCE — JURY INSTRUCTIONS — CARELESS DRIVING STATUTE — DUTY OF REASONABLE CARE — DUPLICATE INSTRUCTIONS.

The failure of a trial court to give a requested instruction relative to the violation of the careless driving statute in a negligence action does not mandate reversal where the court instructed the jury that defendant must use ordinary care for the safety of plaintiff's person and property, since the requested instruction on the statute would merely restate defendant's duty of care and it is unnecessary to duplicate instructions on the duty to use reasonable care.

5. APPEAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS — FORM OF INSTRUCTION — OBJECTIONS — SUBSTANCE OF INSTRUCTION.

Reversal is not mandated on the basis of the failure of a trial court to use the exact language of a standard jury instruction where the party asserting error on appeal did not object to the form of language of the instruction given and the departures from the language of the standard jury instruction were slight and of no significance.

6. ACTIONS — AUTOMOBILES — SERIOUS IMPAIRMENT OF BODILY FUNCTION — DIRECTED VERDICT — QUESTION OF FACT — LIABILITY.

Denial of a motion for directed verdict by a plaintiff in an action for damages for serious impairment of bodily function and/or permanent serious disfigurement arising out of an automobile accident is proper where there exist questions of fact as to whether or not there was serious impairment of bodily function and whether the defendant was liable.

7. APPEAL — JURY INSTRUCTIONS — SPECIFIC OBJECTION TO INSTRUC-
    TION — PRESERVATION OF QUESTION FOR APPELLATE REVIEW.
    The failure to object before the trial court specifically to the
    inclusion on the verdict form submitted to the jury of a special
    question as to whether there was serious bodily impairment
    mandates that the question of the propriety of that special
    question not be considered on appeal, a specific objection below
    being necessary to preserve the question for appellate review.

*Willford, Hansen & Jacobson,* for plaintiffs.

*Francis, Wetmore & Groom, P.C.,* for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and G. R.
DENEWETH,* JJ.

BEASLEY, J. In the evening of July 7, 1977, a car
driven by defendant, Lance C. LaLonde, slid into
the rear end of a car driven by plaintiff Rexford P.
Cox. There was evidence that a third car, the
identity of whose driver and owner is unknown,
was negligently involved in the collision. Plaintiff
Rexford P. Cox claimed damages for alleged seri-
ous impairment of body function and/or perma-
nent serious disfigurement sufficient to take the
case out from under the no-fault insurance law,
and plaintiff Helen Cox sought damages for loss of
consortium. The jury returned a verdict of no
cause of action against plaintiffs, holding that
defendant was not negligent and that plaintiff
Rexford P. Cox did not suffer serious impairment
of body function or permanent serious disfigure-
ment. After their motion for new trial was denied,
plaintiffs appeal as of right, raising four issues.

Plaintiffs assert error under SJI 12.01 in failing
to grant their request to instruct the jury regard-
ing two statutes, the following too closely statute[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCL 257.643(a); MSA 9.2343(a).

and the careless driving statute.[2] However, the trial court did instruct the jury under SJI 12.01 regarding the not driving at a speed greater than will permit stopping within the assured clear distance ahead statute[3] and the rear end collision presumption of negligence statute,[4] as requested by plaintiffs.

In reviewing this claim of error, we consider four matters. First, did plaintiffs request the trial court to give the instructions which they now complain were not given. Plaintiffs filed a written request for jury instructions, the pertinent portion of which is as follows:

"16. SJI 12.01 Violation of Statute by Defendant. We have State Statute which provide *[sic]* as follows:

"A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, and shall have due regard for the speed of such vehicles and the traffic upon and the condition of the highway. MSA 9.2343.

"B. Any person who operates any vehicle upon a highway in a careless or negligent manner likely to endanger any person or property but without wantonness or recklessness, shall be guilty of careless driving. MSA 9.2326(2).

"C. No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured, clear distance ahead. MSA 9.2327(a).

"If you find that the Defendant violated one or more of the stated statutes before or at the time of the occurence *[sic]*, then the Defendant was negligent as a matter of law. You must then decide whether such negligence was a proximate cause of the occurrence.

"17. Statutory Presumption—Defendant SJI 12.02. We have a state statute which provides: When it is

---

[2] MCL 257.626(b); MSA 9.2326(2).

[3] MCL 257.627(a); MSA 9.2327(a).

[4] MCL 257.402(a); MSA 9.2102(a).

shown by competent evidence that a vehicle overtakes and strikes the rear end of another vehicle proceeding in the same direction or lawfully standing upon a highway, the driver of the first-mentioned vehicle shall be deemed prima facie guilty of negligence. MSA 9.2102."

Second, did the trial court give the instructions which were requested? In this connection, the court instructed as follows:

"Now, we have a Michigan State statute which provides in part as follows, and I will read it to you: A person driving a vehicle on a highway shall drive at a careful and prudent speed, not greater nor less than is reasonable and proper, having due regard to the traffic, surface, and the width of the highway, and of any other conditions then existing. And a person shall not drive a vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.

"Now, we also have another statute which provides in any action in any Court in this State when it is shown by competent evidence that a vehicle traveling in a certain direction overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this State, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence.

"Now, if you find that the defendant, Lance LaLonde, was in violation of either or both of these statutes, this is prima facie proof of negligence. This means that it is sufficient to prove the case unless it is disproved by evidence to the contrary.

"Now, such rebuttal could include or would include strong evidence of a sudden emergency which is unexpected or unusual or for some other justifiable reason the defendant could not comply with these statutes.

"Now, when I have used the words proximate cause, I mean first that there must have been a connection between that conduct of the defendant which the plaintiff claims was negligence and the injuries sustained by

the plaintiff. And, second, that the occurrence which is claimed to have produced that injury was the natural and probable result of such conduct of the defendant.

"By the same token, when I use the term proximate cause with respect to the conduct of the plaintiff which the defendant claims caused or contributed to his own injury which the plaintiff sustained, and that the occurrence which is claimed to have produced the injury was a natural and a probable result of such conduct of the plaintiff.

"Now, there may be more than one proximate cause. To be a proximate cause the claimed negligence of the plaintiff or defendant need not be the only cause nor the last cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence.

"If you decide that the defendant was negligent and that such negligence was a proximate cause of the occurrence, it is not a defense that the conduct of the driver of the unidentified car, who was not a party to this suit, may also have been a cause of this occurrence. However, if you decide that the only proximate cause of the offense was the conduct of someone not a party, then your verdict should be for the defendant."[5]

Third, were the instructions applicable? And fourth, did the requested instructions accurately state the law?

In resolving these four matters, we follow *Socha v Passino,*[6] where the Supreme Court held:

"We do not believe *Javis [v Ypsilanti Board of Education,* 393 Mich 689; 227 NW2d 543 (1975)] totally constrains the discretion of trial judges. The judge's discretion is still required in determining whether or not the instruction is applicable and whether or not the instruction accurately states the law." (Footnote omitted.)

---

[5] Also, the trial court instructed the jury as to the parties' theories of their respective cases in exactly the language they requested.

[6] 405 Mich 458, 467; 275 NW2d 243 (1979).

We find that the instructions requested by plaintiffs here do not accurately state the law. While the Standard Civil Jury Instructions have provided that, where an applicable statute is violated, a defendant is negligent as a matter of law, *Zeni v Anderson,*[7] decided subsequent to adoption of the SJI, holds otherwise. *Zeni* is authority for changing the language of the standard jury instruction from "negligence as a matter of law" to "prima facie proof of negligence".

Thus, we hold the trial court was correct in instructing the jury that, if they found defendant was in violation of the statute, it was prima facie proof of negligence. Plaintiffs' request that the jury be instructed that violation of a statute is negligence as a matter of law was an erroneous statement of the law.

In addition, in their requests to charge, plaintiffs omitted any request or reference to sudden emergency. SJI 12.01 provides that if sudden emergency is an issue in the case, then SJI 12.01(A) must be given. SJI 12.01(A) provides:

"However, if you find that defendant was confronted with a sudden emergency not of his own making and, if you find that he used ordinary care and was still unable to avoid the violation because of such emergency, then his violation is excused."

Under the evidence in this case, there was clearly a question of fact of whether or not the sudden emergency doctrine should be applied. It would have been error here to neglect to instruct the jury regarding the law of sudden emergency.

We also note that although plaintiffs requested SJI 12.02 and set forth the first paragraph, they

[7] 397 Mich 117; 243 NW2d 270 (1976).

omitted the following two paragraphs, which are essential parts of SJI 12.02 and which provide:

"If you find that the defendant violated this statute before or at the time of the occurrence, then the law presumes that he was negligent. However, if you find that defendant was confronted with a sudden emergency not of his own making and if you find that he used ordinary care and was still unable to avoid the occurrence because of such emergency, then the presumption is overcome.

"In deciding whether the presumption is overcome you must weigh the presumption with all the evidence of claim of sudden emergency. If, after so weighing, you are unable to decide that the presumption has been overcome, then you must find that the defendant was negligent."

Thus, we hold that plaintiffs' proposed instructions did not accurately state the law. Where a litigant's request to charge is inaccurate and incomplete, we do not permit him then to obtain reversal and a new trial on the basis that the trial court refused to give the charge that he requested. For example, in *Green v Richardson*,[8] where the plaintiff requested that SJI 11.01(6) be given, we said:

"But they cannot invoke the strict rule where they have not strictly requested the standard jury instruction but instead their own amended version."

Of similar import is *Nowicki v Suddeth*,[9] where we said "the court does not have a duty to give an instruction which is erroneous".

We also note in connection with plaintiffs' request for an instruction regarding the careless

[8] 69 Mich App 133, 136-137; 244 NW2d 385 (1976).

[9] 7 Mich App 503, 511; 152 NW2d 33 (1967).

driving statute that the trial court instructed as follows:

"It was the duty of Lance LaLonde [defendant] in connection with this occurrence to use ordinary care for the safety of Rexford Cox and Rexford Cox's property."

As we indicated in *Bugar v Staiger,*[10] it is unnecessary to give repetitious instructions, saying:

"Moreover, as the statute allows passing on the right in certain conditions if done 'in safety', an instruction based on the statute would, in this case, merely have been a restatement of a driver's duty of due care. It is not reversible error to refrain from issuing duplicate instructions on the duty to use reasonable care."

In summary, since plaintiffs requested instructions regarding four closely inter-related statutes which were generally applicable under the evidence, the trial court instructed regarding two of the four statutes, plaintiffs' request to charge was not a correct statement of the law and the trial court's instruction was not clearly erroneous, we hold there was no reversible error.

Plaintiffs also claim that it was error for the trial court to instruct the jury with its own version of SJI 5.01(1). During trial, plaintiffs' only objection to the instruction was on the ground that the adverse inference instruction was not applicable to the case. The instruction, as given by the trial court, was as follows:

"Now, there has been some testimony in this case that the plaintiff was treated by Dr. Billhart. This evidence was under the control of the plaintiff and could have been produced by him and no reasonable

---

[10] 66 Mich App 32, 35-36; 238 NW2d 404 (1975).

excuse for plaintiff's failure to produce this evidence was given. You may infer that some part of that evidence would have been adverse to the plaintiff."

No objection was made at trial to the language of the instruction. GCR 1963, 516.2 clearly contemplates that objections should be made before the jury retires so that the trial court has opportunity to reinstruct if deemed necessary. Consequently, we hold that this question has not been properly preserved for review. However, even if we were to hold the question preserved for appellate review, we would not be inclined to find that the conclusions of the trial judge were clearly erroneous in deciding to give an adverse inference instruction. The changes from the SJI are so slight as not to possess any significance in this matter.

Plaintiffs also claim that it was error for the trial court to deny their motion for a directed verdict with respect to both liability and damages. We disagree. The proofs were sufficient to raise issues of fact for determination by the jury, both with respect to whether or not there was serious impairment of bodily function and with respect to liability.

Last, plaintiffs claim that it was error for the trial court to include the interrogatory on serious bodily impairment in the form of verdicts submitted to the jury. While plaintiffs made a specific objection to the verdict form, no objection to the court's inclusion of a special interrogatory on serious impairment of bodily function, as is raised here, was raised at trial. Under these circumstances, we hold that the question has not been preserved for appellate review.

Affirmed.