BROWN v UNIT PRODUCTS CORPORATION (ON REMAND)

Docket Nos. 68314, 68315. Submitted December 6, 1982, at Lansing.—
    Decided February 9, 1983. Leave to appeal applied for.

    Carl L. Brown brought an action against Unit Products Corpora-
    tion, as general contractor, for injuries he received while em-
    ployed by subcontractor Broad Crane and Engineering Service
    Company. Unit Products, a wholly-owned subsidiary of H. F.
    Campbell Company, filed a third-party complaint against Broad
    Crane seeking contractual and common-law indemnification.
    H. F. Campbell was added as a codefendant, and plaintiff filed
    an amended complaint against both H. F. Campbell and Unit
    Products. H. F. Campbell filed a cross-claim against Unit Prod-
    ucts for indemnification. Broad Crane moved for summary
    judgment against Unit Products, which motion was granted.
    Wayne Circuit Court, William J. Giovan, J. Following trial, the
    jury returned a special verdict for plaintiff and judgment was
    entered, James A. Hathaway, J. Unit Products appealed both
    judgments. The claims of appeal were consolidated by the Court
    of Appeals. The Court of Appeals held, *inter alia,* that the trial
    court did not err in refusing to allow the defense of compara-
    tive negligence to go to the jury where the plaintiff had alleged
    that the defendant breached its duty of care and caution while
    employing the plaintiff in an inherently dangerous activity. 105
    Mich App 141 (1981). Defendants Unit Products Corporation
    and H. F. Campbell Company sought leave to appeal to the
    Supreme Court. In lieu of granting leave to appeal, the Su-
    preme Court remanded the case, 414 Mich 956 (1982), to this
    Court for reconsideration in light of the subsequent decision in
    *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29
    (1982). *Held:*

        The comparative negligence doctrine applies where a worker
    alleges a breach of duty of care and caution while employing
    the worker in an inherently dangerous activity.

        Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTE
53 Am Jur 2d, Master and Servant § 230.
Modern development of comparative negligence doctrine having
    applicability to negligence actions generally. 78 ALR3d 339.

N. J. KAUFMAN, J., concurred separately to state his agreement with the late Justice BLAIR MOODY, JR., in *Hardy v Monsanto, supra,* p 48.

NEGLIGENCE — COMPARATIVE NEGLIGENCE — INHERENTLY DANGEROUS ACTIVITY.

The comparative negligence doctrine applies where a worker alleges a breach of duty of care and caution while employing the worker in an inherently dangerous activity.

*Joselyn, Rowe, Jamieson & Grinnan, P.C.* (by *James A. Callahan),* for plaintiff.

*Hibbs & Lewis, P.C.* (by *Don Hibbs* and *Terry S. Welch),* for defendants.

*Moore, Sills, Poling, Wooster & Sinn, P.C.* (by *James M. Prahler),* for third-party defendant Broad Crane and Engineering Service Company.

## ON REMAND

Before: BRONSON, P.J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

M. F. CAVANAGH, J. In the original appeal of this case we held, *inter alia,* that the trial court did not err in refusing to allow the defense of comparative negligence to go to the jury where the plaintiff had alleged that the defendant breached its duty of care and caution while employing the plaintiff in an inherently dangerous activity. *Brown v Unit Products Corp,* 105 Mich App 141, 153-154; 306 NW2d 425 (1981). Defendants Unit Products Corporation and H. F. Campbell Company sought leave to appeal to the Supreme Court. By order of that Court, their application for leave to appeal was held in abeyance pending the Court's decision in *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270

(1982). Now, in lieu of granting leave to appeal, the Supreme Court has remanded the case to this Court for reconsideration in light of the subsequent decision in *Hardy, supra.*

In our decision in *Brown, supra,* we concluded that the defense of comparative negligence would only be available if the defense of contributory negligence had been available, prior to the Supreme Court's holding in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979). This ruling is no longer viable in light of the Supreme Court's recent holding that the defense of comparative negligence is available as a defense in cases where the defense of contributory negligence was not formerly available. *Hardy, supra,* p 38.

In *Hardy,* the Supreme Court was faced with the issue of whether the defense of comparative negligence was available when a worker alleged negligence in the failure of his or her employer to provide adequate safety devices on the job. The Court concluded that the public policy of promoting safety in the workplace would be enhanced by the application of the principles of comparative negligence. 414 Mich 39. The Court based its conclusion upon two principal considerations: (1) if a worker is charged with some responsibility for his or her own safety-related behavior, it will give him or her a financial incentive to act in a reasonable and prudent fashion; and (2) application of comparative negligence will reward safety-conscious employers, who should not be held liable for damages in excess of the amount causally related to any negligence on their part. 414 Mich 41. The Court repeated its conclusion in *Placek, supra:*

" 'What pure comparative negligence does is hold a person fully responsible for his or her acts and to the

full extent to which they cause injury. That is justice.'
405 Mich 661." 414 Mich 45.

To hold otherwise, the Court concluded in *Hardy,*
would be clearly unjust.

We are persuaded that *Hardy* also suggests that
the defense of comparative negligence should be
available in situations involving inherently dan-
gerous activities. Although the theory behind the
inherently dangerous activity doctrine is similar to
that of strict liability, the doctrine does not re-
quire the imposition of absolute liability. *Vannoy v
City of Warren,* 15 Mich App 158, 163; 166 NW2d
486 (1968), *lv den* 382 Mich 768 (1969), *remanded
on other grounds* 382 Mich 771 (1969). The fact
that the employer in these circumstances may not
delegate his or her duty of care and caution need
not relieve the worker of the duty to take care in a
prudent fashion in the light of known risks and
dangers. Here, as in *Hardy,* the application of
comparative negligence principles to workplace
negligence situations encourages safer behavior by
both employers and workers and results in a more
equitable resolution of injuries and damages when
concurrent negligence exists on the part of both
the employer and the worker.

We thus hold that the trial court erred in refus-
ing to allow the defense of comparative negligence
to go to the jury. We reaffirm our holdings with
respect to the other issues previously decided. The
case is reversed and remanded to the trial court
for proceedings consistent with this opinion.

BRONSON, P.J., concurred.

N. J. KAUFMAN, J. *(concurring).* I agree that
*Hardy v Monsanto Enviro-Chem Systems, Inc,* 414

Mich 29; 323 NW2d 270 (1982), requires us to reverse and remand this case. I concur separately, though, to express my agreement with the late Justice BLAIR MOODY's opinion in *Hardy,* 414 Mich 48 (MOODY, J., *dissenting in part).*