PERRY v HAZEL PARK HARNESS RACEWAY

Docket No. 62314. Submitted December 13, 1982, at Detroit.—Decided
February 25, 1983. Leave to appeal applied for.

Charles Perry was injured when he slipped and fell at the Hazel
Park Harness Raceway. Perry and his wife, Sarah Perry, filed
suit in Oakland Circuit Court against the Hazel Park Harness
Raceway for negligence and loss of consortium, respectively.
The court, Farrell E. Roberts, J., entered a judgment on a jury
verdict for plaintiffs. The defendant appeals alleging that the
trial court erred in (1) failing to provide the jury with a special
verdict form, (2) instructing the jury that the defendant could
be found negligent based on its failure to employ slip-prevent-
ing devices, (3) failing to adequately instruct the jury on the
issue of invitor-invitee liability, (4) not granting a directed
verdict for the defendant, (5) not granting a judgment for the
defendant notwithstanding the verdict, and (6) admitting into
evidence samples of the floor surface at the racetrack and the
accompanying testimony of plaintiffs' expert witness. *Held:*

1. The trial court did not err in not providing the jury with
the special jury verdict form. The defendant did not make its
request for such an instruction in writing, as required by court
rule. The defendant's claims that the trial court's failure to
provide the special form thwarted the jury's function and that
a separate special verdict form was required for Mrs. Perry
were not raised below and are therefore not properly preserved
for appeal.

2. The trial judge did not err when he instructed the jury.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 573, 574, 580.

[2, 3] 75 Am Jur 2d, Trial § 610.

Construction of statutes or rules making mandatory the use of
pattern or uniform approved jury instructions. 49 ALR3d 128.

[3] 75 Am Jur 2d, Trial §§ 573, 574.

[4] 75 Am Jur 2d, Trial § 608.

[5] 75 Am Jur 2d, Trial § 482.

[6] 62 Am Jur 2d, Premises Liability §§ 69, 70.

[7] 62 Am Jur 2d, Premises Liability §§ 12, 62-68.

[8] 5 Am Jur 2d, Appeal and Error § 886.

[9] 29 Am Jur 2d, Evidence §§ 818, 824.

that the defendant could be found negligent based on its failure to employ slip-preventing devices. The plaintiffs presented evidence that Mr. Perry fell as a result of water that had accumulated on the floor and that a slip-preventing device was available. Although the defendant offered evidence that the paint that was applied to the floor was mixed with pumice, the plaintiffs offered testimony that such a mixture made the floor more slippery than bare cement.

3. The trial court did not err in failing to give both instructions on invitor-invitee liability as requested by the defendant because other instructions adequately covered the subject matter.

4. The trial judge did not err in denying the defendant's motion for a directed verdict. Mr. Perry should not be charged with negligence for attempting to safely negotiate an unavoidable hazard and plaintiffs did not have to establish defendant's control over the premises because a possessor of land is subject to liability for physical harm to invitees.

5. The trial judge did not err in denying the defendant's motion for a judgment notwithstanding the verdict. The defendant's admissions were sufficient as a matter of law to establish the defendant's control over the premises and to defeat the defendant's motion for a judgment notwithstanding the verdict.

6. The trial judge did not abuse his discretion when he admitted the floor samples and the accompanying testimony of the plaintiffs' expert witness.

Affirmed.

1. JURY — JURY INSTRUCTIONS.

A party's request for a jury instruction should be made in writing and a copy of such request should be served on the adverse party; such a properly requested instruction should be given if it is applicable and accurately states the law (GCR 1963, 516.1, 516.6[2]).

2. TRIAL — STANDARD JURY INSTRUCTIONS — COURT RULES.

A trial court is required to use Standard Jury Instructions when they are applicable, accurate, and requested by a party to a lawsuit; however, a party cannot invoke this rule where the party has not requested a Standard Jury Instruction but has instead requested an amended version of a Standard Jury Instruction (GCR 1963, 516.6[2]).

3. JURY — JURY INSTRUCTIONS.

A trial court may give additional instructions to a jury which are

concise, understandable, conversational, and nonargumentative if they are applicable and accurately state the law where there is no applicable Standard Jury Instruction (GCR 1963, 516.6, subds [2], [4]).

4. TRIAL — JURY INSTRUCTIONS — FORM OF INSTRUCTIONS.

A trial court need not grant requested instructions in the precise form submitted by attorneys; it is free to express the substance of a requested instruction in its own language.

5. APPEAL — DIRECTED VERDICT.

The proper test for determining whether a motion for a directed verdict should be granted is whether or not evidence was offered upon which reasonable minds could differ.

6. TORTS — INVITEES.

The issue of an invitor's breach of duty to an invitee raises a question of fact for the jury; a defendant invitor is not relieved from liability as a matter of law merely because an invitee has discovered the danger and attempted to protect himself against it; rather, the appropriate question is whether the invitor can reasonably expect an invitee to protect himself against the hazard.

7. TORTS — POSSESSORS OF LAND — INVITEES.

A possessor of land is subject to liability for physical harm to invitees and there is no issue of control of the premises when an action is brought against the one in possession of the premises; the issue of control only arises when the action is brought against someone other than the invitor-possessor, such as a landlord.

8. JUDGMENTS — JUDGMENTS NOTWITHSTANDING THE VERDICT — EVIDENCE.

Evidence presented by a defendant at a trial should be considered on a review of the trial judge's denial of the defendant's motion for judgment notwithstanding the verdict.

9. EVIDENCE — TEST RESULTS.

The admission into evidence of test results is within the wide discretion of the trial court; experimental data are admissible if the tests from which the data are drawn involved conditions sufficiently similar to those involved in the particular case to assist the trier of fact in reaching its conclusions.

*Ruby & Ruby, P.C.* (by *Richard L. Ruby),* and *Ronald M. Rothstein,* of counsel, for plaintiffs.

*Giltner, Walsh, Charters & Parker, P.C.* (by *James Howard Turner)*, for defendant.

Before: CYNAR, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

PER CURIAM. This case arose out of a slip and fall incident that occurred at the Hazel Park Harness Raceway in May, 1975. At trial, the jury returned verdicts against defendant Hazel Park Harness Raceway and in favor of plaintiffs Charles and Sarah Perry in the amounts of $183,544.88 and $39,600, respectively. Defendant appeals as of right raising six issues.

Defendant first alleges that the trial judge erred by failing to provide the jury with special verdict form SJI 66.01.

GCR 1963, 516.1 requires that requests for jury instructions be made in writing and that a copy of such requests be served on the adverse party. Under GCR 1963, 516.6(2), such a properly requested instruction must be given if it is applicable and if it accurately states the law. *Javis v Ypsilanti Bd of Ed,* 393 Mich 689, 697; 227 NW2d 543 (1975).

The *Javis* rule, however, applies only when the requested instruction strictly complies with the language of the Standard Jury Instruction. *Cox v LaLonde,* 101 Mich App 342; 300 NW2d 564 (1980), *lv den* 412 Mich 875 (1981); *Green v Richardson,* 69 Mich App 133, 136-137; 244 NW2d 385 (1976), *lv den* 397 Mich 852 (1976). The instruction requested by defendant was a significantly modified version of SJI 66.01. As a result, the rule in *Javis* does not apply. Further, defendant's later objection appears from the record to be aimed at the instruction as requested and not to a "new" request for SJI 66.01. Because we believe that the policies

underlying *Cox* and *Green* apply equally to procedurally defective requests for Standard Jury Instructions, defendant's failure to make its request in writing as required by GCR 1963, 516.1, precludes a finding of error on this issue.

Defendant also suggests two additional bases for the assignment of error on this issue. First, defendant's claim that the trial judge's failure to provide the special verdict form "thwarted" the jury's function is not preserved for appeal because no objection on that basis was raised below. *Cox, supra,* p 352. Second, defendant contends that a separate special verdict form was required for plaintiff Mrs. Perry. Because no separate form was requested below and because this issue is raised for the first time on appeal, it is not properly before the Court. See GCR 1963, 516.1 and 516.2.

Defendant next argues that the trial judge erred when he instructed the jury that defendant could be found negligent based on its failure to employ slip-preventing devices. The challenged instruction in the case at bar was taken directly from *McNabb v Green Real Estate Co,* 62 Mich App 500, 512-513; 233 NW2d 811 (1975), *lv den* 395 Mich 774 (1975).

The text of the instruction states:

"I further charge you, members of the jury, that a proprietor of a building may be found negligent in failing to employ adequate slip-preventing devices in connection with common areas that have become slippery as a result of foreseeable tracking or accumulation of water. If you find from the evidence that a reasonable prudent person in the position of the defendant would have realized the benefits of such devices, and equipped the common areas with such devices, I instruct you that the proprietor of a building may be found negligent for failing to employ these devices, if you find that such devices would be of benefit insofar as safety is concerned."

The defendant in *McNabb* challenged the use of a similar instruction. The *McNabb* Court held that, where there is no Standard Jury Instruction on point, the trial court may give additional " 'concise, understandable, conversational, and non-argumentative' " instructions consistent with GCR 1963, 516.6(4). *McNabb, supra,* p 513. As with the Standard Jury Instructions, the instruction must be applicable and accurately state the law. GCR 1963, 516.6(2). See, also, *Socha v Passino,* 405 Mich 458, 466-467; 275 NW2d 243 (1979).

In *McNabb,* a slip and fall case, plaintiff submitted evidence that showed that defendant failed to use non-skid strips, that such strips were beneficial and that the plaintiff slipped and fell. The Court ruled that, based on the evidence presented by plaintiff, the challenged instruction was appropriate. See, also, *Mulcahy v Argo Steel Construction Co,* 4 Mich App 116, 122; 144 NW2d 614 (1966), *lv den* 378 Mich 741 (1966), where on similar facts this Court held that the trial judge properly instructed the jury on the defendant's failure to provide electrical grounding devices.

Plaintiffs presented evidence that Mr. Perry fell as a result of water that had accumulated on the second floor of the grandstand area of defendant's racetrack. Plaintiffs also introduced evidence of an available slip-preventing device. Although defendant introduced evidence that pumice was added to the paint that was applied to the floor, plaintiffs' expert witness testified that the floor, as painted, was more slippery, both wet and dry, than bare cement. The Supreme Court has held that an inadequate safety device is the practical equivalent of no safety device at all. *Tulkku v Mackworth Rees Div of Avis Industries, Inc,* 406 Mich 615, 621; 281 NW2d 291 (1979). While defendant pre-

sented some evidence that pumice was mixed with the paint applied to the grandstand floor, plaintiffs' evidence indicated that defendant's paint mixture decreased the friction coefficient and made the cement floor more slippery. Hence, the mixture applied by defendant increased the danger to patrons of the racetrack in the event the floor became wet. On these facts, the trial judge properly gave the *McNabb* instruction.

Defendant next alleges error on the ground that the trial judge failed adequately to instruct the jury on the issue of invitor-invitee liability. Defendant properly requested two separate instructions on invitor-invitee liability. The first instruction was given as requested. The judge found that the subject matter of the instruction was adequately covered by the first instruction.

Except as limited by the rules governing requests for Standard Jury Instructions, see *Javis, supra; Socha, supra,* where the charge to the jury otherwise covers the substance of an instruction as requested by a party, the court need not follow the "precise form" requested by that party. *Ferries v Copco Steel & Engineering Co,* 344 Mich 345, 350; 73 NW2d 850 (1955); *Bank of Lansing v Stein, Hinkle, Dawe & Assoc Architects, Inc,* 100 Mich App 719, 727; 300 NW2d 383 (1980).

In this case, both the instruction given and the instruction denied were requested by defendant. Neither instruction was a Standard Jury Instruction. Besides the instructions on invitor-invitee liability, instructions on general negligence and comparative negligence were given. Defendant's "theory of the case" as presented to the jury by the court referred to Mr. Perry's duty to protect himself.

Viewing the jury instructions as a whole, we

find that the court did not err when it failed to give both invitor-invitee instructions as requested by defendant because other instructions adequately covered the subject matter of the instruction that was not given. *Ferries, supra; Berlin v Snyder,* 89 Mich App 38, 41; 279 NW2d 322 (1979), *lv den* 407 Mich 867 (1979).

Defendant next avers that it was entitled to a directed verdict because plaintiffs failed to present adequate proof of defendant's liability as an invitor. Where a party appeals from a denial of a motion for directed verdict, this Court is limited on review to the question of whether the party opposing the motion offered evidence about which reasonable minds could differ. *Light v Schmidt,* 84 Mich App 51, 59; 269 NW2d 304 (1978).

Mr. Perry, his companion and the nurse employed by the racetrack all testified that there was water all over the floor with the result that the entire area was slick and hazardous. Other testimony indicated that Mr. Perry was walking in a normal fashion when he fell. Mr. Perry stated that he was conscious of the risk and proceeded with caution in an attempt to avoid it.

The issue of an invitor's breach of duty as to an invitee raises a question of fact for the jury. *Kroll v Katz,* 374 Mich 364, 371-373; 132 NW2d 27 (1965); *Conerly v Liptzen,* 41 Mich App 238, 241-242; 199 NW2d 833 (1972), *lv den* 388 Mich 779 (1972). A defendant is not relieved from liability as a matter of law merely because an invitee has discovered the danger and attempted to protect himself against it. See *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 258-259; 235 NW2d 732 (1975); 2 Restatement Torts, 2d, § 343, pp 215-216. Rather, the question is whether he can reasonably expect invitees to pro-

tect themselves against the hazard. As Prosser notes:

"[W]here the condition is one such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, and, because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it. In all such cases, the jury may be permitted to find that obviousness, warning or even knowledge is not enough." (Footnote omitted.) Prosser, Torts (4th ed), § 61, pp 394-395.

This is not a case like *Jones v Michigan Racing Ass'n,* 346 Mich 648; 78 NW2d 566 (1956), where the hazard to be avoided was a puddle that the plaintiff could have avoided by walking around it. This case is analogous to the "icy steps" cases. Mr. Perry should not be charged with negligence for attempting to safely negotiate an unavoidable hazard. The trial judge correctly denied defendant's motion for directed verdict on this basis.

Defendant also argues that the trial judge should have granted its motion for directed verdict and its motion for judgment notwithstanding the verdict or a new trial because plaintiffs failed to establish defendant's control over the premises.

The trial court's rulings were correct. A possessor of land is subject to liability for physical harm to invitees. *Quinlivan, supra.* There is no issue of "control" when the action is brought against the one in possession. That issue arises when the action is brought against someone other than the invitor-possessor, such as the landlord. See, *e.g., Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399; 97 NW2d 90 (1959); *Siegel v Detroit City Ice & Fuel Co,* 324 Mich 205; 36 NW2d 719 (1949); *Whinnen v 231 Corp,* 49 Mich App 371,

375; 212 NW2d 297 (1973), *lv den* 391 Mich 787 (1974). Plaintiffs presented evidence that defendant possessed the property in question.

After plaintiffs had submitted their proofs, defendant's general manager admitted that the lease between defendant and Hazel Park Racing Association imposed upon defendant an obligation to maintain the premises. According to defendant's manager, the obligation included a duty to maintain the grandstand area free from the accumulation of water. Evidence presented by the defendant at trial must be considered on review of the trial judge's denial of defendant's motion for judgment notwithstanding the verdict. *Kasza v Detroit,* 370 Mich 7, 10-11; 120 NW2d 784 (1963). Defendant's admissions were sufficient as a matter of law to establish defendant's control over the premises and to defeat defendant's motion for judgment notwithstanding the verdict.

Finally, defendant argues that the trial judge erred when he admitted samples of the floor surface at the racetrack and plaintiffs' expert's accompanying testimony because the samples were not obtained until five years after the accident occurred. Before the floor samples and the expert testimony offered by plaintiffs could be admitted into evidence, plaintiffs had the burden of establishing that the surface of the grandstand floor at the time Mr. Perry fell was substantially similar to the grandstand floor surface at the time plaintiffs' expert obtained samples of the surface for the purpose of testing the floor for "slipperiness". *Savage v Peterson Distributing Co, Inc,* 379 Mich 197; 150 NW2d 804 (1967). The admission of such evidence is left to the broad discretion of the trial court. *Muniga v General Motors Corp,* 102 Mich App 755, 761; 302 NW2d 565 (1980); *Moldovan v*

*Allis Chalmers Mfg Co,* 83 Mich App 373, 384; 268 NW2d 656 (1978), *lv den* 406 Mich 916 (1979).

The evidence that was introduced indicates that the floor surface samples tested by plaintiffs' expert were similar to the floor surface on the night that Mr. Perry fell. A witness for defendant testified that the floor was first painted with the allegedly defective paint-pumice mixture in 1973 or 1974 and annually thereafter. Mr. Perry fell in 1975. The defense witness also testified that the floor sample offered by plaintiffs looked and felt similar to the floor as he remembered it in 1975. Further, the floor sample offered by plaintiffs is remarkably smooth when compared with the sample of the slip-preventing paint-ferrous oxide mixture offered by plaintiffs as evidence of an adequate slip-prevention measure.

In view of all of these facts, we cannot say that the trial judge abused his discretion when he admitted the floor samples and the testimony of plaintiffs' expert.

The judgment is affirmed. Costs to plaintiffs.