## YOUNG v E W BLISS COMPANY

Docket No. 63112. Submitted April 13, 1983, at Detroit.—Decided
November 8, 1983. Leave to appeal applied for.

Wayne Young was injured when a power press crushed his arm.
He brought an action against the manufacturer of the press,
E. W. Bliss Company, Division of Gulf & Western Manufactur-
ing Company, alleging negligence and breach of implied war-
ranty in failing to equip the press with adequate safety devices.
A jury trial was held in the Wayne Circuit Court, Sharon T.
Finch, J., and a verdict rendered in favor of the plaintiff.
Defendant appealed, alleging several errors. *Held:*

1. The trial court precluded defendant from presenting evi-
dence of plaintiff's comparative negligence. The Supreme Court
case of *Hardy v Monsanto Enviro-Chem Systems, Inc.,* 414 Mich
29 (1982), decided after trial in this case, allows the introduc-
tion of such evidence in a products liability case. *Hardy* should
be given limited retroactive effect to cases, such as this one, in
which the issue was raised and which were pending on appeal
at the time *Hardy* was decided. A new trial is granted, in
which evidence of the plaintiff's comparative negligence shall
be admissible.

2. The trial court properly denied defendant's motion for a
directed verdict. There was conflicting testimony and a jury
question of whether a modification of the press controls by
plaintiff's employer was a superseding proximate cause of
plaintiff's injury.

3. The court did not err in allowing evidence relating to other
presses sold to plaintiff's employer. Defendant initially referred
to these presses and may not now complain about plaintiff's
further reference to them.

4. Defendant failed to preserve the issue of the allegedly

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d New Topic Service, Comparative Negligence §§ 20 *et
seq., 49 et seq.*
[2] Am Jur 2d New Topic Service, Comparative Negligence § 55.
[3] Am Jur 2d New Topic Service, Comparative Negligence § 49 *et seq.*
[4] Am Jur 2d New Topic Service, Comparative Negligence § 47.
[5] 5 Am Jur 2d, Appeal and Error §§ 624-627.
[6] Am Jur 2d New Topic Service, Comparative Negligence § 56.

prejudicial effect of plaintiff's counsel's remarks made during closing argument.

5. The trial court did not err in refusing to give a jury instruction requested by defendant because, viewing the instructions as a whole, the court adequately covered the subject matter of the requested instruction.

Reversed and remanded.

T. M. Burns, P.J., dissented. He would not give *Hardy* limited retroactive effect, but would apply that case prospectively only. He would affirm.

Opinion of the Court

1. Products Liability — Comparative Negligence — Evidence — Retroactivity.

The question of a plaintiff's comparative negligence in a products liability case based upon the failure to supply a safety device should be brought before the jury in a case in which the issue was raised at the trial court level and which was pending on appeal when the Supreme Court held that evidence of comparative negligence is admissible in such cases.

2. Motions and Orders — Directed Verdict.

A court, in deciding on a motion for a directed verdict, must view the evidence in a light most favorable to the nonmoving party.

3. Negligence — Intervening Act — Proximate Cause — Jury Question.

The question of whether an intervening negligent act of a third person constitutes a superseding proximate cause in an action for negligence is for the jury.

4. Evidence — Admissibility of Evidence.

The admissibility of evidence rests within the trial court's discretion and the court's determination will not be set aside on appeal unless there has been an abuse of discretion.

5. Appeal — Argument of Counsel — Preserving Question.

Absence of objection during trial precludes appellate review of allegedly prejudicial remarks of counsel during closing argument unless the prejudicial effect of the remarks was so great that it could not have been cured by a timely instruction to the jury and the failure to consider the issue would result in a miscarriage of justice.

6. Trial — Jury Instructions — Requested Instructions.

Generally, a properly requested jury instruction must be given if

it accurately states the law, is applicable, and strictly complies with the language of the applicable Standard Jury Instruction; where there is no Standard Jury Instruction on point, the trial court may give concise, understandable, conversational and nonargumentative instructions provided they are applicable and accurately state the law; the precise form requested by a party need not be followed where the charge to the jury otherwise covers the substance of the requested instruction.

DISSENT BY T. M. BURNS, P.J.

7. COURTS — CASE PRECEDENT — RETROACTIVITY.

   *A civil case should not be given retroactive effect where it establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; the court must look to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation, and should seek to avoid inequitable results which may follow from retroactive application.*

8. PRODUCTS LIABILITY — COMPARATIVE NEGLIGENCE — EVIDENCE — RETROACTIVITY.

   *A Supreme Court decision holding that evidence of an injured plaintiff's comparative negligence is admissible in a products liability case based upon the alleged failure to supply a safety device should not be given retroactive application.*

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *Robert F. Riley),* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *Ivin E. Kerr);* and *Gromek, Bendure & Thomas* (by *Mark R. Bendure),* of counsel, for defendant.

Before: T. M. BURNS, P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. On October 2, 1978, plaintiff was severely injured during the course of his employment with Garrett Tool & Engineering (Garrett) when his right arm was crushed in a press manufactured by defendant, requiring amputation of a portion of his right arm. Defendant appeals as of

right from a jury verdict rendered in favor of plaintiff in the amount of $1,000,000.

The power press used by plaintiff was manufactured in 1955 by defendant. At the time the press was sold to Garrett, the press had four control buttons mounted on the press approximately five feet above the floor, consisting of two run buttons, one jog button and one stop button. At some unspecified time after the press was sold, the controls were removed from their location on the press to a T-stand or pedestal control panel, which was manufactured by Mackworth Rees.

Plaintiff was in the process of die-setting at the time the accident occurred. While the power was on, plaintiff removed an old die with the help of a forklift operator and was attempting to hand load a new die when he inadvertently leaned his body over the T-stand, pressing the jog button and thereby activating the ram which descended and crushed his arm.

Plaintiff's complaint against defendant alleged negligence and breach of implied warranty in failing to equip the press with adequate safety devices, *i.e.,* dual jog buttons, and failing to warn press operators of the potential dangers inherent in its use, *i.e.,* to turn the power off when die-setting and the dangers of placing arms in the die-space.

Prior to trial, plaintiff made a motion *in limine* to exclude any references to evidence that plaintiff was comparatively negligent, arguing that evidence of plaintiff's negligence was inadmissible in an action based on inadequate safety devices. Defendant argued that under *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), and the products liability statute, MCL 600.2945 *et seq.;* MSA 27A.2945 *et seq.,* comparative negli-

gence was an appropriate defense and that the "safety device" doctrine was not factually applicable in this case. Defendant further urged the court to submit the issue of comparative negligence to the jury and later resolve legal questions regarding the effect to be given a jury finding of comparative negligence. The trial court granted plaintiff's motion and precluded defendant from arguing in any manner concerning plaintiff's comparative negligence.

At the close of proofs, defendant moved for a directed verdict claiming that plaintiff failed to present a prima facie case under either the negligence or the breach of implied warranty theories. The trial court denied defendant's motion finding there were several questions of fact. Defendant further requested that a comparative negligence instruction be given, arguing that the evidence was sufficient to permit such instruction. The trial court reiterated its earlier ruling regarding the inapplicability of comparative negligence and denied defendant's request.

In granting plaintiff's motion *in limine* to exclude any mention of the comparative negligence of plaintiff before the jury, the trial court relied on *Tulkku v Mackworth Rees Div of Avis Industries, Inc,* 406 Mich 615; 281 NW2d 291 (1979), in which the Supreme Court held that a plaintiff's recovery could not be reduced because of his own negligence if the liability of the defendant arose from a failure to provide adequate safety devices in the work place.

About six months after trial, but while this case was pending on appeal, the Supreme Court decided *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270 (1982), which effectively overruled the Court's prior decisions in *Tulkku*

and *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974).

In the recent case of *Brown v Unit Products Corp (On Remand),* 123 Mich App 157; 333 NW2d 204 (1983), Judge, now Justice, CAVANAGH explained the *Hardy* decision:

"In *Hardy,* the Supreme Court was faced with the issue of whether the defense of comparative negligence was available when a worker alleged negligence in the failure of his or her employer to provide adequate safety devices on the job. The Court concluded that the public policy of promoting safety in the workplace would be enhanced by the application of the principles of comparative negligence. 414 Mich 39. The Court based its conclusion upon two principal considerations: (1) if a worker is charged with some responsibility for his or her own safety-related behavior, it will give him or her a financial incentive to act in a reasonable and prudent fashion; and (2) application of comparative negligence will reward safety-conscious employers, who should not be held liable for damages in excess of the amount causally related to any negligence on their part. 414 Mich 41. The Court repeated its conclusion in *Placek, supra:*

" ' "What pure comparative negligence does is hold a person fully responsible for his or her acts and to the full extent to which they cause injury. That is justice." 405 Mich 661.' 414 Mich 45." *Brown, supra,* 159-160.

Panels of this Court have applied the *Hardy* decision to cases pending on appeal at the time it was issued. See *Thon v Saginaw Paint Mfg Co,* 120 Mich App 745, 748; 327 NW2d 551 (1982); *Phardel v Michigan,* 120 Mich App 806, 814; 328 NW2d 108 (1982).

Because defendant properly preserved the issue of comparative negligence at the trial court level, the *Hardy* decision should likewise be applicable in this case which was also pending on appeal

when *Hardy* was issued. In light of *Hardy,* defendant is entitled to a new trial where the question of plaintiff's comparative negligence can be brought before the jury.

Although not finding further error requiring reversal, we also address defendant's additional allegations of error.

A defendant is entitled to a directed verdict where a plaintiff has failed to establish a prima facie case. In determining a motion for a directed verdict, the evidence must be viewed in a light most favorable to the nonmoving party. *Beals v Walker,* 416 Mich 469, 480; 331 NW2d 700 (1982); *Caldwell v Fox,* 394 Mich 401, 407; 231 NW2d 46 (1975).

At the close of proofs, defendant moved for a directed verdict arguing that plaintiff failed to establish a prima facie case under the negligence or the breach of implied warranty theories. The trial court denied defendant's motion, ruling that the evidence raised several questions of fact so as to avoid a directed verdict.

The court properly denied defendant's motion for a directed verdict. Testimony by expert witnesses from both parties conflicted as to the reasonableness of the original design and its causal connection, if any, to the accident.

Although defendant contends that the subsequent modification to its press in relocating the jog button to a T-stand pedestal mount was the proximate cause of the accident, whether such a modification was reasonably foreseeable created a jury question. The courts of this state have held that whether an intervening negligent act of a third person constitutes a superseding proximate cause is a question for the jury to decide. See *Comstock v General Motors Corp,* 358 Mich 163, 178-179; 99

NW2d 627 (1959); *Price v Manistique Area Public Schools,* 54 Mich App 127, 133-135; 220 NW2d 325 (1974), *lv den* 393 Mich 753 (1974); *Chaney v Whiting Corp,* 100 Mich App 108, 112; 298 NW2d 681 (1980). Whether the intervening negligence on the part of plaintiff's employer in modifying the original design, as asserted by defendant, acted to shield defendant from liability was a question for jury determination. The trial court did not err in denying defendant's motion for a directed verdict.

The admissibility of evidence rests within the trial court's discretion, and its determination will not be set aside on appeal unless there has been an abuse of discretion. *Anderson v Harry's Army Surplus, Inc,* 117 Mich App 601, 608; 324 NW2d 96 (1982). Over defendant's objections, the trial court provisionally admitted evidence relating to presses sold to Garrett by defendant in the mid-1960's, finding that such evidence was relevant to the issue of defendant's duty to warn.

As noted by plaintiff, the initial reference to these post-1955 presses was made by defense counsel on cross-examination of plaintiff. Defendant's counsel again inquired about these presses in its cross-examination of Dennis Krieg, an employee of Garrett, and specifically inquired as to the controls on these presses. Because it was defendant who "opened the door" to this evidence, defendant will not be allowed to complain about plaintiff counsel's further reference to this evidence in an attempt to establish defendant's continuing duty to warn. See *Warren v McLouth Steel Corp,* 111 Mich App 496, 501; 314 NW2d 666 (1981); *Grist v Upjohn Co,* 16 Mich App 452, 482-483; 168 NW2d 389 (1969), *lv den* 382 Mich 768 (1969).

Defendant points to a portion of plaintiff's counsel's rebuttal closing argument in support of its

claim that admission of evidence regarding these presses was so prejudicial as to require a new trial.

Defense counsel made no objection to plaintiff's counsel's remarks at trial. Absence of objection during trial precludes appellate review of allegedly prejudicial remarks during closing argument, *Cogo v Moore*, 119 Mich App 747, 754; 327 NW2d 345 (1982); *Warren, supra,* p 501, unless the prejudicial effect was so great that it could not have been cured by a timely curative instruction and failure to consider the issue would result in a miscarriage of justice, *People v Jansson,* 116 Mich App 674, 692; 323 NW2d 508 (1982). Plaintiff's counsel's remarks were not so improper as to warrant a new trial on this basis.

As a general rule, a properly requested jury instruction must be given if it accurately states the law and if it is applicable. *Javis v Ypsilanti Bd of Ed,* 393 Mich 689, 697; 227 NW2d 543 (1975). This rule, however, applies only when the requested instruction strictly complies with the language of the Standard Jury Instruction. *Cox v LaLonde,* 101 Mich App 342; 300 NW2d 564 (1980), *lv den* 412 Mich 875 (1981). Where there is no Standard Jury Instruction on point, the trial court may give additional concise, understandable, conversational and nonargumentative instructions provided they are applicable and accurately state the law. The court need not follow the precise form requested by the party where the charge to the jury otherwise covers the substance of the requested instruction. *Perry v Hazel Park Harness Raceway,* 123 Mich App 542; 332 NW2d 601 (1983); *McNabb v Green Real Estate Co,* 62 Mich App 500; 233 NW2d 811 (1975), *lv den* 395 Mich 774 (1975).

In addition to defendant's theory of the case,

which essentially claimed that the sole cause of the accident was the employer's conduct in relocating the machine's controls, the trial court instructed the jury as follows:

"The manufacturer of a press, such as Bliss is not under a duty to manufacture its press so that it is accident proof or fool proof or incapable of producing injury under all circumstances. However, a manufacturer must recognize the existence of a foreseeable accident and manufacture a product that is reasonably fit for its intended anticipated or reasonably foreseeable use or misuse. The manufacturer of a punch press is entitled to assume its product will be put to normal use, that is one for which the product is intended or appropriated, and the defendant is not subject to liability when it is safe for all such usage. And the injuries to the plaintiff resulted because it was mishandled or misused in a way which the manufacturer had no reason to expect or is used in some unusual or unforeseeable manner.

\* \* \*

"A manufacturer of a product has a duty to provide warning of reasonable risk of injury inherent in the normal use and foreseeable misuse of the product. On the other hand, there is no duty to warn of obvious danger or misusage which could not be reasonably foreseen."

Viewing the instructions as a whole, we conclude that the trial court did not err by refusing to give instruction number 12 requested by defendant because the above instructions adequately covered the subject matter of the denied instruction. *Perry, supra; Berlin v Snyder,* 89 Mich App 38, 41; 279 NW2d 322 (1979), *lv den* 407 Mich 867 (1979).

Reversed and remanded for proceedings consistent with this opinion.

T. M. Burns, P.J. *(dissenting).* I am unable to

agree with the majority that the Supreme Court's decision, *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270 (1982), should be given limited retroactive effect to cases which were pending on appeal when *Hardy* was issued. While this Court has previously applied the *Hardy* decision to a case which was pending on appeal at the time *Hardy* was issued, *Thon v Saginaw Paint Mfg Co,* 120 Mich App 745, 748; 327 NW2d 551 (1982), no reasoning was offered for giving *Hardy* such limited retroactive effect.[1] Likewise, the majority summarily states that *Hardy* should be given limited retroactive effect.

In *Chevron Oil Co v Huson,* 404 US 97; 92 S Ct 349; 30 L Ed 2d 296 (1971), the Supreme Court stated a criterion for determining whether a civil case should be given retroactive effect:

"First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, * * * or by deciding an issue of first impression whose resolution was not clearly foreshadowed * * *. Second, it has been stressed that 'we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' * * * Finally, we have waived the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' " 404 US 106-107, quoting *Cipriano v City of Houma,* 395 US 701, 706; 89 S Ct 1897; 23 L Ed 2d 647 (1969), and *Linkletter*

[1] I do not feel that *Phardel v Michigan,* 120 Mich App 806, 814; 328 NW2d 108 (1982), applied *Hardy* to a case pending on appeal on the date *Hardy* was issued. The Court in *Phardel* merely discussed *Hardy,* noting that the trial court in that case correctly applied comparative negligence. 120 Mich App 814-815. In fact, a safety device was not even involved in *Phardel.*

*v Walker,* 381 US 618, 629; 85 S Ct 1731; 14 L Ed 2d 601 (1965).

Considering these factors, I feel that *Hardy* should be given prospective effect only. Applying *Hardy* prospectively would "[p]romote not only sound jurisprudence, through respect for stare decisis and confidence in the stability and certainty of judicial decisionmaking, but also growth and development in the law, in that it allows the court to make necessary and fundamental changes without creating havoc in the judicial system". Moody, *Retroactive Application of Law-Changing Decisions in Michigan,* 28 Wayne L Rev 439, 495-496 (1982). Regarding these arguments, the late Justice MOODY further noted, "if courts expect people to live under the law, judges cannot require them to guess beforehand as to what it might be". *Id.,* 496.

In *Hardy, supra,* the Supreme Court effectively overruled *Tulkku v Mackworth Rees Div of Avis Industries, Inc,* 406 Mich 615; 281 NW2d 291 (1979), and *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974). The trial court properly applied *Tulkku* and *Funk* at the time of the trial. I believe that giving *Hardy* limited retroactive effect would neither further the purposes underlying *Hardy* nor promote sound jurisprudence and growth and development in the law.

I would affirm the trial court.