MICHIGAN CONSOLIDATED GAS COMPANY *v.*
PUBLIC SERVICE COMMISSION

1. COURTS—JURISDICTION—EQUITY—GAS RATES.
   The Ingham County Circuit Court has general equity jurisdiction in cases concerning gas companies' rates.

2. COURTS—JURISDICTION—EQUITY—GAS RATES—INJUNCTION.
   The Ingham County Circuit Court may, in its discretion, issue an injunction protecting a gas company from the public service commission's rate order during the interval between the commission's order and the circuit court's final determination of an appeal of the order on its merits.

3. PUBLIC SERVICE COMMISSIONS—RATES—RETROACTIVITY.
   The public service commission may not establish retroactive rates, even if the retroactive rates are necessary to correct an injustice caused by a delay in setting higher rates.

4. PUBLIC SERVICE COMMISSIONS—GAS RATES—INJUNCTION.
   An injunction *pendente lite* allowing a gas company to collect increased rates, enjoining the public service commission from

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4–6] 43 Am Jur, Public Utilities and Services § 185 *et seq.*
[3] 43 Am Jur, Public Utilities and Services § 81 *et seq.*

interfering with the temporary establishment of the higher charges, and providing for the return of any money produced by the temporary charges in excess of just and reasonable rates was properly granted where the gas company claimed that rates established by the commission were confiscatory because the commission cannot prevent an injustice caused by previously established confiscatory rates by imposing retroactive rates.

5. INJUNCTION—TEMPORARY INJUNCTION—DISCRETION—APPEAL AND ERROR.

The grant or denial of a temporary injunction is within the discretion of the trial court; an appellate court will not interfere with the trial court's finding except on a showing of probable abuse.

6. PUBLIC SERVICE COMMISSION—RATES—JUDICIAL RELIEF—TEMPORARY RELIEF.

Statutory provision that judicial relief may be had if rates set by the public service commission are "unlawful or unreasonable" does not necessarily require a judicial determination that a particular rate is "confiscatory" before temporary equitable relief can be granted (MCLA § 462.26[a]).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 May 5, 1970, at Lansing. (Docket No. 8,330.) Decided July 29, 1970. Leave to appeal granted November 24, 1970. 384 Mich 783.

Complaint by Michigan Consolidated Gas Company against Michigan Public Service Commission to set aside a rate order and for a preliminary injunction, *pendente lite,* prohibiting commission from interfering with temporarily-established rates. Injunction granted. Defendant appeals by leave granted. Affirmed.

*Matheson, Beineman, Veale & Parr, Arthur R. Seder, Jr.,* and *Ellsworth G. Reynolds,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David P. Van Note,* Assistant Attorney General, for defendant.

Before: Quinn, P. J., and Fitzgerald and Roberts,* JJ.

Roberts, J. This is an interlocutory appeal, upon leave granted, in which the Michigan Public Service Commission (hereinafter called the commission) requests this Court to review a temporary injunction issued by the Ingham County Circuit Court which authorized the Michigan Consolidated Gas Company (hereinafter called the company) to collect increased rates from its customers, and enjoined the commission from interfering with the temporary establishment of these charges pending a final judicial determination as to the merits of the company's request for authorization to collect said increased revenues.

Pursuant to statute,** the company initiated a suit against the commission in the Ingham County Circuit Court seeking to enjoin enforcement of, and eventually to vacate, a commission order dated June 6, 1969. The company's complaint directed the circuit court's attention to several alleged improprieties but limited its request for temporary relief, *pendente lite,* to the commission's refusal to recognize five specific items of cost increases totaling $4,-896,628. After a lengthy evidentiary hearing, the trial court issued a preliminary injunction enjoining the commission from interfering with the provisional establishment of charges by the company which produced $2,854,992 in increased annual revenues over and above the amount initially prescribed by the commission. The trial court's order provided that in the event that the additional revenues permitted by the temporary injunction were ultimately found to be excessive, any amount in excess of rates found to be just, reasonable, and non-confiscatory

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** MCLA § 462.26(a) (Stat Ann 1970 Cum Supp § 22.45[a]).

would be refunded to the company's customers with interest and, further, that the full cost of effecting such refund would be borne entirely by the company. The court's order also provided that the company establish a reserve fund to reflect the additional revenues collected pursuant to the court's order and also required the company to post a $3,000,000 bond to insure the company's ability to refund monies to its customers should it ultimately be required to do so. *Final* adjudication on the merits has not yet been determined by the Ingham County Circuit Court.

We are favored by excellent briefs in this matter. We conclude, however, that the trial court properly issued the preliminary injunction here under attack and we affirm the judgment.

Appellant initially contends that the Ingham County Circuit Court did not have proper authority to issue the preliminary injunction. We read MCLA § 462.26(b) (Stat Ann 1970 Cum Supp § 22.45[b]) as a clear authorization for the circuit court's action here. Furthermore, we interpret the case of *General Telephone Company of Michigan* v. *Public Service Commission* (1954), 341 Mich 620, to stand for the proposition that the Ingham County Circuit Court has general equity jurisdiction in cases of this nature and that these equitable powers may be exercised, in the court's discretion, to protect a company from irreparable harm resulting from confiscatory rates established by a state utility commission during the time interval which exists between the commission's order and the circuit court's final determination on the merits. See, also, *Michigan Bell Telephone Company* v. *Ingham Circuit Judge* (1949), 325 Mich 228.

Our Supreme Court has explicitly held that a commission may not establish retroactive rates thereby correcting any injustice caused by a delay in estab-

lishing necessary increased rates. *Michigan Bell Telephone Co. v. Public Service Commission* (1946), 315 Mich 533; *General Telephone Company of Michigan v. Public Service Commission, supra,* at p 632. Thus, had the preliminary injunction not issued, and had the company prevailed in the trial of this cause, the latter would have achieved a hollow victory indeed since there would have been no legal avenue open to the company by which to recoup its financial losses. We think this case presents a classic example of a situation in which a party will suffer "irreparable harm" in the event that a preliminary injunction is not issued.

On the other hand, this Court is unable to see how appellant commission has been injured in any manner whatsoever by the granting of the preliminary injunction. Judge Reisig has taken proper measures by which to guarantee full refund, with interest, to the company's customers in the event that the litigation is determined adversely to the company.

Factually, we have carefully reviewed the record and find ample support for Judge Reisig's order. GCR 1963, 517.1. "The grant or denial of a temporary injunction is a question of discretion and this Court will not interfere with the trial court's ruling except on a showing of probable abuse." *Hiers v. Detroit Superintendent of Schools* (1965), 376 Mich 225, 231. There is no abuse shown on this record.

In response to the Appellant's second question that the company must show that the commission's order was "confiscatory", we note that the governing statute states that circuit court relief may be had if " * * * rates fixed are unlawful or unreasonable * * * or that any regulation is unreasonable * * * ." MCLA § 462.26(a) (Stat Ann 1970 Cum Supp § 22.45[a]). The statute does not necessarily require a judicial determination that a particular

rate is "confiscatory" prior to temporary equitable relief and we have no authority to interpret the statute to include such an element.

The *General Telephone* case, *supra,* forecloses the commission's argument that the actions by the circuit court "fixed and determined rates". "The court by its decree did not establish a rate, but only provided, dependent upon final adjudication by the court, that the company could collect the charges it requested in its application as a trust fund under a bond of $1,000,000." *General Telephone Company of Michigan* v. *Public Service Commission,* 341 Mich, p 632.

No other issues merit discussion at this time.

Affirmed. No costs, a public question being involved.

All concurred.