PELLEY v PETERBILT MOTORS COMPANY

Docket No. 65461. Submitted December 6, 1983, at Detroit.—Decided April 16, 1984.

Plaintiff, Naomi D. Pelley, administratrix of the estate of Ronald R. Pelley, deceased, brought an action for wrongful death arising from the accident in which the deceased was fatally injured. Defendants were Peterbilt Motors Company and Motor Truck Sales, Inc., the manufacturer and seller of Mr. Pelley's truck, and Francis G. Bridge and Denver R. Brown, the owner and driver of the other truck involved in the collision. After the close of proofs, the Wayne Circuit Court, Thomas J. Foley, J., directed a partial verdict in favor of the two corporate defendants. The jury rendered a verdict of no cause of action in favor of all defendants, finding that none of the defendants were negligent. The plaintiff appealed, alleging several errors. *Held:*

1. Plaintiff's argument that Michigan's comparative negligence rule should have been applied rather than the law of Ohio, where the accident occurred, is without merit because the jury returned a verdict of no cause of action and indicated that it found none of the defendants to be negligent. Thus, the issues of contributory negligence, assumption of risk, and collateral recovery were never reached by the jury. Furthermore, plaintiff's counsel at trial made no objection to the form of the jury's verdict.

2. The trial court did not err in limiting plaintiff's cross-examination of a defense witness because plaintiff's counsel failed to properly announce that he was calling the witness under the adverse party witness statute. While MRE 611(c) may have permitted cross-examination of this witness, plaintiff's counsel relied solely on the statute rather than the rule of

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 783.
[2] 5 Am Jur 2d, Appeal and Error § 637.
[3] 76 Am Jur 2d, Trial §§ 1175, 1176, 1197.
[4] 20 Am Jur 2d, Courts § 86.
[5] 5 Am Jur 2d, Appeal and Error §§ 843, 884.
   31 Am Jur 2d, Expert and Opinion Evidence § 26 *et seq.*

evidence. Furthermore, there was no prejudice since plaintiff's counsel did, in fact, question the witness using leading questions in several instances without objection by defendants.

3. The court did not abuse its discretion in refusing to permit certain opinion testimony of plaintiff's expert witnesses.

4. The parties stipulated to entry of a judgment on the partial directed verdict. The trial court did not enter that judgment until after the case had been docketed in the Court of Appeals, however, and thereby lacked jurisdiction to enter the judgment without leave of the Court of Appeals. This error does not require reversal. The Court of Appeals ordered that the stipulation of the parties and the entry of judgment on the stipulation shall be given effect.

Affirmed.

1. APPEAL — HARMLESS ERROR.

Reversal is not warranted where the result at trial would not have been different had the trial been conducted free of the errors alleged on appeal.

2. APPEAL — VERDICTS — FORM OF VERDICT — PRESERVING QUESTION.

A party who makes no objection at trial to the form of the jury's verdict thereby waives the issue, for appeal, of the propriety of the form of the verdict.

3. JURY — VERDICTS — FORM OF VERDICT — GENERAL VERDICT — COURT RULES.

A special verdict may be returned, in the discretion of the trial court, and in such a case no general verdict is to be returned; where a general verdict is, nevertheless, returned and a conflict occurs between a special verdict and the general verdict, the special verdict controls (GCR 1963, 514).

4. STATUTES — COURT RULES.

Generally, where a conflict exists between a statute and a general court rule, the latter prevails.

5. WITNESSES — EXPERT WITNESSES — JUDGE'S DISCRETION.

A trial court's determination of whether a witness is qualified to render an expert opinion on a particular subject will be reversed only for an abuse of discretion.

*James F. Finn,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Derek I. Meier, Kathleen McCree Lewis,* and *Greg-*

*ory M. Kopacz),* for defendants Peterbilt Motors Company and Motor Truck Sales, Inc.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Milton Lucow),* and *Gromek, Bendure & Thomas* (by *James G. Gross),* of counsel, for defendants Brown and Bridge.

Before: BEASLEY, P.J., and V. J. BRENNAN and R. A. BENSON,* JJ.

BEASLEY, P.J. Plaintiff appeals from a jury verdict of no cause of action rendered in favor of defendants. In addition, plaintiff claims that the trial court erred in awarding judgment on the partial directed verdict, rendered after completion of plaintiff's proofs, sometime later: in fact, after appeal was taken to this Court.

Plaintiff raises various issues on appeal, none of which require reversal. First, plaintiff argues that denial of her motion at the outset of trial to apply Michigan's comparative negligence law rather than Ohio's contributory negliegence standard was error.

This wrongful death case arises from an accident that occurred on an interstate highway in Ohio on December 21, 1977. Plaintiff says that since plaintiff and defendants Brown and Bridge were all Michigan residents, and defendants Peterbilt and Motor Truck Sales were corporations doing business in Michigan, then Michigan law should apply.

Plaintiff cites *Sexton v Ryder Truck Rental, Inc,*[1] saying that trial of this case antedates *Sexton* by only a few weeks. It is, however, unnecessary to consider this issue in the manner posed by plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] 413 Mich 406; 320 NW2d 843 (1982).

tiff. The trial court, without objection from either party, required the jury to return a special verdict according to a written form that was given the jury. The trial court instructed the jury that if the jury found that any of the defendants was not negligent or, in the case of the corporate defendants, had not breached any warranty, then they, the jury, should not proceed to the remaining issues listed on the form. Counsel for plaintiff was aware of this procedure and made no objection.

In open court, the jury returned a verdict of "no cause of action" without reference to the verdict forms, which were completed and filed with the court. The forms indicate a finding of no negligence or breach of warranty by any defendant. Though plaintiff requested a polling of the jurors, there was no request that they be polled in terms of the form itself. Consequently, from these verdict forms, it plainly appears that the jury never reached the issues which form the basis for plaintiff's claims of error. Where the absence of alleged errors would not have changed the result, reversal is not granted.[2]

In this case, the doctrines of contributory negligence and assumption of risk and the issue of collateral recovery by plaintiff would have been considered only if the defendants had been found liable initially and the jury had turned its attention to calculation of damages.[3]

On appeal, plaintiff argues that the verdict of "no cause of action" is ambiguous and, therefore, the possibility is raised that the jury considered Ohio law and, further, that the pronouncement in

[2] See *Knoper v Burton,* 383 Mich 62; 173 NW2d 202 (1970); *Gallagher v Parshall,* 97 Mich App 654; 296 NW2d 132 (1980); *Froling v Bischoff,* 73 Mich App 496; 252 NW2d 832 (1977).

[3] See *Termaat v Bohn Aluminum & Brass Co,* 362 Mich 598, 604; 107 NW2d 783 (1961).

open court, not on the written form, is the verdict. However, plaintiff waived this argument at trial by making no objection to the form of the jury's verdict.

GCR 1963, 514 authorizes return of a special verdict in the trial court's discretion "and in such cases no general verdict shall be returned". Where the latter rule is ignored and a conflict occurs between special questions and a general verdict, the general verdict must yield.[4] In this case, there is not any conflict. The verdict of no cause of action was a mere repetition of the jury's special findings that none of the defendants was liable.

Second, plaintiff claims on appeal that the trial court erred in refusing to permit cross-examination of Arlan Riggs, an engineer employed by defendant Peterbilt, because counsel failed to announce he was calling the witness under the adverse party witness statute. Plaintiff cites *Jackovich v General Adjustment Bureau, Inc,*[5] to indicate that "[t]he general rule is that where a conflict exists between a statute and a general court rule, the latter prevails". Plaintiff argues that MCL 600.2161; MSA 27A.2161, which requires that where a party wishes to cross-examine an adverse witness under the statute "counsel is required to announce the purpose for calling the witness", has been superseded by adoption of MRE 611(c).[6]

The trial judge limited counsel to direct examination, saying that "the time is long past for calling under the statute". On appeal, plaintiff refers to MRE 611(c), but the fact is that, at trial, counsel for plaintiff did not cite MRE 611(c) when

---

[4] *In re Medical Center Rehabilitation Project,* 50 Mich App 164, 169; 212 NW2d 780 (1973).

[5] 119 Mich App 221, 232; 326 NW2d 458 (1982), *lv den* 417 Mich 1071 (1983).

[6] *Ruhala v Roby,* 379 Mich 102, 111; 150 NW2d 146 (1967).

making his offer of proof. He referred only to the statute. Furthermore, there does not appear to be any prejudice to plaintiff in this ruling. When counsel for plaintiff interrogated the witness by the use of leading questions in several instances, the defense did not object. Consequently, we conclude that this issue is without merit.

Third, plaintiff claims that the trial court abused its discretion in refusing to permit plaintiff's expert witnesses to render an opinion on the proper design of the cab release hooks. A trial court's determination of whether a witness is qualified to render an expert opinion on a particular subject is reversed only for an abuse of discretion.[7]

The record does not indicate that the trial court abused its discretion in its ruling regarding the extent of expertise of the two experts. Similarly, the record does not demonstrate an abuse of discretion in the refusal by the trial court to permit evidence of test results on allegedly similar hold-down hooks. The record does not indicate any basis on which to conclude that the tested hooks were similar to those on the cab involved, and there was evidence to the contrary. Consequently, abuse of discretion was not shown.[8]

With respect to the entry of judgment on the partial directed verdict over six months after trial, the record indicates that plaintiff stipulated to the partial directed verdict and did not object when the trial court omitted instructions on the claims encompassed by the directed verdict. There was not any evidence to support these claims.

Technically, it would appear that plaintiff's

---

[7] *Phardel v Michigan,* 120 Mich App 806, 809; 328 NW2d 108 (1982), *lv den* 417 Mich 1015 (1983).

[8] *Moldovan v Allis-Chalmers Mfg Co,* 83 Mich App 373, 383-384; 268 NW2d 656 (1978), *lv den* 406 Mich 916 (1979), *cert den* 444 US 1034 (1980).

claim is correct, and that the trial court lacked jurisdiction to enter the judgment without leave of this Court for the reason that at the time of entry of the judgment the appeal was docketed in this Court. This technical error does not, however, constitute a ground for reversal.

Under the circumstances of this case, we enter a similar order pursuant to our inherent authority under GCR 1963, 820.1(7), which order shall merely give effect to the stipulation of the parties for a partial directed verdict and to the tardy entry of judgment on said stipulation.

Plaintiff's other claims of error on appeal are similarly without merit.

Affirmed.