*In re* DISSOLUTION OF ESQUIRE PRODUCTS INTERNATIONAL,
INC

Docket No. 73902. Submitted June 12, 1984, at Detroit.—Decided
August 6, 1984. Leave to appeal applied for.

T.A.S. Graphic Communications, Inc., brought suit against Es-
quire Products International, Inc., in Macomb Circuit Court to
recover $13,794 for unpaid printing services. The case was
assigned to Judge John G. Roskopp. Five months later, Gerald
Kalen, majority stockholder of Esquire, filed a complaint for
dissolution of Esquire in Macomb Circuit Court. This case was
assigned to Judge George R. Deneweth. A temporary receiver
was appointed and an order to show cause and a restraining
order were entered in the dissolution proceedings, George R.
Deneweth, J. Thereafter, the dissolution case was transferred
to Judge Roskopp. Following a hearing in the case for dissolu-
tion, a judgment dissolving Esquire and appointing a receiver
was entered, John G. Roskopp, J. The court also continued the
earlier restraining order against creditors commencing or con-
tinuing any action against Esquire. T.A.S. appeals from the
restraining order prohibiting it from continuing its action
against Esquire. *Held:*

The trial court did not abuse its discretion in continuing the
earlier restraining order. T.A.S. may file a claim against Es-
quire under the provisions of the Business Corporation Act.
Such action will also serve to protect the rights of other
creditors of Esquire.

Affirmed.

1. INJUNCTIONS — TEMPORARY RESTRAINING ORDERS.

A temporary restraining order may be granted if there are

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur 2d, Injunctions § 15.
[2] 42 Am Jur 2d, Injunctions §§ 346, 347, 352, 353.
[3] 19 Am Jur 2d, Corporations § 1587.
[4] 19 Am Jur 2d, Corporations § 1685.
[5] 19 Am Jur 2d, Corporations §§ 1666, 1667.
[6] 19 Am Jur 2d, Corporations § 1658.

allegations of irreparable injury and there is no adequate remedy at law.

2. INJUNCTIONS — TEMPORARY RESTRAINING ORDERS — APPEAL.

The grant or denial of a temporary restraining order is discretionary, and the Court of Appeals will not interfere with the trial court's ruling except on a showing of abuse of discretion.

3. CORPORATIONS — DISSOLUTION — CONTRACTS.

Dissolution of a corporation does not constitute an impairment of the obligation of contracts made with creditors and others because resort may be had to the property of the corporation in the manner provided by statute.

4. CORPORATIONS — DISSOLUTION.

All claims against a corporation which is involved in dissolution proceedings must be made pursuant to the procedures prescribed by statute (MCL 450.1841, 450.1842; MSA 21.200[841], 21.200[842]).

5. CORPORATIONS — DISSOLUTION — JUDGMENTS.

A judgment rendered against a corporation while it is still in existence is not avoided by its subsequent dissolution; once dissolution has been effected, however, proceedings to enforce a judgment do not take the normal course and, in the absence of a statutory provision to the contrary, a judgment rendered against a corporation after its dissolution is considered a nullity, even if the action is commenced before such dissolution.

6. CORPORATIONS — DISSOLUTION — DEBTS — ACTIONS.

A trial court did not abuse its discretion in issuing a restraining order against creditors commencing or continuing legal actions to recover debts from a corporation after it filed for voluntary dissolution admitting that its liabilities exceeded its assets and acknowledging that it did owe the amounts in dispute.

*Harry H. Awdey,* for Esquire Products International, Inc.

*Merrill, Tatham & Rosati, P.C.* (by *A. D. Rosati),* for T.A.S. Graphic Communications, Inc.

Before: DANHOF, C.J., and T. M. BURNS and T. C. MEGARGLE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Danhof, C.J. T.A.S. Graphic Communications, Inc. (TAS) appeals as of right from a Macomb County Circuit Court order granting corporate dissolution and enjoining creditors from commencing *or continuing* any action against Esquire Products International, Inc.

On July 7, 1982, TAS commenced an action in the Macomb County Circuit Court against Esquire Products International, Inc., to recover $13,794 for unpaid printing services. Both parties were Michigan corporations. The case was assigned to Judge John G. Roskopp. On December 16, 1982, Gerald Kalen, majority stockholder of Esquire, filed a complaint for dissolution of Esquire in Macomb County Circuit Court. The complaint was in compliance with GCR 1963, 778. This case was assigned to Judge George R. Deneweth. That same day, Judge Deneweth entered an order to show cause and appointed a temporary receiver (Harry Awdey). On February 28, 1983, after being advised of the pending action between TAS and Esquire, Judge Deneweth transferred the case to Judge Roskopp.

On September 12, 1983, testimony was taken on Esquire's complaint for dissolution. Gerald Kalen stated that Esquire had debts of $83,500 and assets of only $25,000. At the conclusion of the hearing, the court entered a judgment dissolving the corporation and appointing a receiver. It also continued the restraining order against creditors commencing *or continuing* any action against Esquire. This appeal resulted.

This case presents an issue of first impression in Michigan. The general principles of equity must be balanced against the procedures mandated by the Business Corporation Act, MCL 450.1101 *et seq.;* MSA 21.200(101) *et seq.,* for making claims against

a corporation seeking dissolution. The narrow issue we must address is whether the lower court was authorized to enjoin continuance of TAS's pending lawsuit against Esquire.

A temporary restraining order may be granted if there are allegations of irreparable injury and there is no adequate remedy at law. *Barkau v Ruggirello,* 100 Mich App 617; 300 NW2d 342 (1980). The grant or denial of a temporary restraining order is discretionary and this Court will not interfere with the trial court's ruling except on a showing of abuse of discretion. *Michigan Consolidated Gas Co v Public Service Comm,* 25 Mich App 512; 181 NW2d 596 (1970), *aff'd* 389 Mich 624; 209 NW2d 210 (1973).

Pursuant to MCL 600.601; MSA 27A.601, circuit courts have jurisdiction to grant temporary restraining orders. The complaint for dissolution in this case was filed pursuant to MCL 600.3501; MSA 27A.3501, which states as follows:

"(1) Whenever the directors, trustees, or other officers who have the management of the affairs of any corporation, or the majority of them, discover that the stock, property, and effects of the corporation are so far reduced by losses or otherwise that the corporation will not be able to pay all just demands to which it is liable, or to afford a reasonable security to those who deal with it, or whenever the directors, trustees, or officers, or a majority of them, for any reason, deem it beneficial to the stockholders to dissolve the corporation, *they may institute a civil action in the circuit court for the county in which the corporation is located, for a judgment dissolving the corporation.* Such actions are equitable in nature.

"(2) All stockholders and creditors shall be made parties defendant. Hearing of the matter may be referred to a circuit court commissioner." (Emphasis added.)

MCL 600.3505; MSA 27A.3505 governs the appointment of a receiver:

"If it appears to the court that the corporation is insolvent or that dissolution thereof would be beneficial to the stockholders and not injurious to the public, the court may dissolve the corporation and appoint a receiver of its estate and effects. Pending the hearing, the court may appoint a temporary receiver and prescribe his powers and duties."

Dissolution of a corporation does not constitute an impairment of the obligation of contracts made with creditors and others because resort may be had to the property of the corporation in the manner provided by statute. 19 Am Jur 2d, Corporations, § 1587, p 954. In Michigan, the procedures to be followed are found in the Business Corporation Act:

"Sec. 841. (1) *After a corporation has been dissolved, the corporation, or a receiver appointed for it pursuant to this chapter, may give notice requiring all creditors to present their claims in writing.* The notice shall be published once in each of 3 consecutive weeks in a newspaper of general circulation in the county in which the registered office of the corporation is located. The notice shall state that all persons who are creditors of the corporation shall file their claims in writing with the corporation or the receiver at a place and on or before a date named in the notice, which date shall be not less than 6 months after the date of the first publication.

"(2) As used in this section and sections 842 and 843, 'creditor' means a person to whom the corporation is indebted, and any other person who has a claim or right against the corporation, liquidated or unliquidated, matured or unmatured, direct or indirect, abso-

lute or contingent, secured or unsecured." (Emphasis added.) MCL 450.1841; MSA 21.200(841).[1]

"Sec. 842. (1) On or before the date of first publication of the notice prescribed in section 841, the corporation or the receiver shall mail a copy of the notice to each known creditor of the corporation. The giving of the notice does not constitute recognition that a person to whom the notice is directed is a creditor of the corporation other than for the purpose of receipt of notice hereunder.

"(2) Except as otherwise provided in this act, *a creditor who does not file his claim as required by the notice, and all persons claiming through or under him, are forever barred from suing on the claim or otherwise realizing upon or enforcing it.* However, this section does not apply to a claim in litigation on the date of the first publication of the notice and does not preclude the enforcement of a lien, encumbrance or other security interest. A claim filed by a trustee or paying agent for the holders of bonds or coupons has the same effect as if filed by the holder of any such bond or coupon." (Emphasis added.) MCL 450.1842; MSA 21.200(842).

Thus, all claims against a corporation seeking dissolution must be made pursuant to the procedures prescribed in the statute. Filing suit against a corporation seeking dissolution would be fruitless because a "claim" against the corporation would still have to be filed.

Section 842(2) states that the section does not apply to a claim in litigation on the date of the first publication of the notice. This section applies to notice only and common sense would dictate that a pending lawsuit would put the corporation on notice of a claim against it. The statute is

[1] 1973 PA 98 amended § 841(1) so that a corporation seeking dissolution may give notice to creditors. Formerly such corporations were required to do so. The amendment, however, was only intended to make the notice provision discretionary where there are no creditors or all creditors are known. See MCL 450.1841; MSA 21.200(841), Law Revision Commission Comment.

silent, however, with regard to what happens to a lawsuit that has aleady been filed against the corporation when the complaint for dissolution is filed.

Defendant correctly asserts that nowhere does either the Revised Judicature Act or the Business Corporation Act explicitly state that a court may enjoin pending lawsuits against the corporation seeking dissolution. However, we find no abuse of discretion in granting such under the circumstances. An action for dissolution is equitable in nature, MCL 600.3501(1); MSA 27A.3501(1), and enjoining TAS's lawsuit while ordering dissolution more fully protected other creditors without diminishing TAS's ability to file a claim under § 842.

A judgment rendered against a corporation while it is still in existence is not avoided by its subsequent dissolution. Once dissolution has been effected, however, proceedings to enforce a judgment do not take the normal course, 19 Am Jur 2d, Corporations, § 1666, pp 1012-1013, and, in the absence of a statutory provision to the contrary, a judgment rendered against a corporation after its dissolution is considered a nullity, even if the action is commenced before such dissolution. 19 Am Jur 2d, Corporations, § 1667, p 1013.

Accordingly, filing a claim under § 842 of the Business Corporation Act would seem to be the exclusive remedy for a creditor of a corporation seeking dissolution. Because a judgment rendered against a corporation while it is still in existence is not nullified by subsequent dissolution, and the only other avenue open to TAS would have been to disallow the dissolution and permit TAS to pursue its claim against Esquire, we cannot say that the trial court abused its discretion in finding irreparable harm and an inadequate remedy at law,

since Esquire's debts clearly exceeded its assets and to allow TAS to proceed would have prejudiced other creditors.

Finally, an analogy can be made to proceedings in bankruptcy. When a petition in bankruptcy is filed under certain chapters, judicial proceedings to recover a claim against a debtor are stayed. 11 USC 362. The granting of a temporary restraining order in the instant case was similar to the stay of proceedings in a federal bankruptcy case. Since the proper procedure, when an insolvent corporation petitions for dissolution, is for all creditors to file a claim, there is nothing to be accomplished by commencing lawsuits or continuing lawsuits when the insolvent corporation has admitted it owes the amount in dispute, as in the instant case. For the corporation or receiver to be forced to defend lawsuits is a needless waste of the remaining corporate assets.

Affirmed. Costs to Harry H. Awdey, receiver for Esquire Products International, Inc.