*In re* DISSOLUTION OF ESQUIRE PRODUCTS INTERNATIONAL, INC (ON REMAND)

Docket No. 85839. Submitted June 28, 1985, at Lansing.—Decided August 19, 1985. Leave to appeal applied for.

T.A.S. Graphic Communications, Inc., brought suit against Esquire Products International, Inc., in Macomb Circuit Court to recover $13,794 for unpaid printing services. The case was assigned to Judge John G. Roskopp. Five months later, Gerald Kalen, majority stockholder of Esquire, filed a complaint for dissolution of Esquire in Macomb Circuit Court. This case was assigned to Judge George R. Deneweth. A temporary receiver was appointed and an order to show cause and a restraining order were entered in the dissolution proceedings, George R. Deneweth, J. Thereafter, the dissolution case was transferred to Judge Roskopp. Following a hearing in the case for dissolution, a judgment dissolving Esquire and appointing a receiver was entered, John G. Roskopp, J. The court also continued the earlier restraining order against creditors commencing or continuing any action against Esquire. T.A.S. appealed from the restraining order prohibiting it from continuing its action against Esquire. The Court of Appeals ruled that the trial court did not abuse its discretion in continuing the earlier restraining order and that T.A.S. could file a claim against Esquire under the provisions of the Business Corporation Act. T.A.S. sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of MCR 3.611(E), 422 Mich 926 (1985). On remand, *held:*

MCR 3.611 does not preclude the enjoining of the pending

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Courts §§ 82 *et seq.*
See the annotations in the ALR3d/4th Quick Index under topic Rules of Court.
[3-6] Am Jur 2d, Corporations §§ 586 *et seq.*
See the annotations in the ALR3d/4th Quick Index under topic Liquidation or Dissolution.

action and does not change the Court of Appeals previous disposition of this case.

Affirmed.

1. COURTS — COURT RULES — JUDICIAL CONSTRUCTION.

Principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure.

2. COURTS — COURT RULES — JUDICIAL CONSTRUCTION.

Rules of practice and procedure are to be interpreted in light of, and consistent with, the general purpose sought to be served thereby.

3. CORPORATIONS — DISSOLUTION OF CORPORATIONS — PENDING ACTIONS.

A dissolved corporation is, in law, a dead person, so much so that, in the absence of statute and revival, pending actions by or against it abate.

4. CORPORATION — DISSOLUTION OF CORPORATIONS — PENDING ACTIONS.

The fact that the Business Corporation Act and the Court Rules may permit the continuance of pending actions against a dissolved corporation does not mean that continuance of such actions is required or that such actions may not be enjoined (MCL 450.1834; MSA 21.200[834]; MCR 3.611).

5. CORPORATIONS — DISSOLUTION OF CORPORATIONS — PROTECTION OF CREDITORS.

The primary purpose of statutory provisions relating to dissolution of corporations is to protect the rights of all creditors by providing for the payment of debts "ratably" and to prevent individual creditors from procuring a preferment by pursuing independent action to the detriment of other creditors.

6. CORPORATIONS — DISSOLUTION OF CORPORATIONS — CLAIMS OF CREDITORS — BUSINESS CORPORATION ACT — COURT RULES.

The failure of a creditor of a corporation seeking dissolution to file a claim against the corporation as provided by § 842 of the Business Corporation Act bars the creditor from suing on the claim; however, if the creditor has already instituted action against the corporation on the claim at the time the corporation first seeks dissolution, the court in the dissolution proceedings may enjoin the action on the claim or may permit it to continue; if the pending action is enjoined, the creditor must then file a claim as permitted by § 851 of the Business Corpora-

tion Act (MCL 450.1842, 450.1851; MSA 21.200[842], 21.200[851]; MCR 3.611).

*Harry H. Awdey,* for plaintiff.

*Merrill, Tatham & Rosati, P.C.* (by *A. D. Rosati),* for defendant.

## On Remand

Before: Danhof, C.J., and T. M. Burns and Cynar, JJ.

Danhof, C.J. The facts of this case are set forth in *In re Dissolution of Esquire Products International, Inc,* 136 Mich App 492; 357 NW2d 77 (1984), and are not recited here. We revisit this case by virtue of a remand from the Supreme Court "for reconsideration in light of MCR 3.611(E)". 422 Mich 926 (1985). At issue here is the propriety of the lower court's injunction prohibiting T.A.S. from continuing its lawsuit against Esquire after Esquire's majority stockholder, Gerald Kalen, initiated voluntary dissolution proceedings pursuant to MCL 600.3510 *et seq.;* MSA 27A.3501 *et seq.;* GCR 1963, 778 (presently MCR 3.611). While neither party addressed this court rule in its brief to this Court, our express consideration of MCR 3.611(E) does not mandate a different result and, accordingly (as before), we affirm the decision of the lower court.

MCR 3.611 specifies its applicability to voluntary dissolution proceedings brought under MCL 600.3501 *et seq.;* MSA 27A.3501 *et seq.,* and prescribes the contents of a complaint seeking such dissolution. MCR 3.611(C), (D) and (E) then provide as follows:

"(C) Notice of Action. Process may be served as in

other actions, or, on the filing of the complaint, the
court may order all persons interested in the corpora-
tion to show cause why the corporation should not be
dissolved, at a time and place to be specified in the
order, but at least 28 days after the date of the order.
Notice of the contents of the order must be served by
mail on all creditors and stockholders at least 28 days
before the hearing date, and must be published once
each week for 3 successive weeks in a newspaper desig-
nated by the court.

"(D) Hearing. At a hearing ordered under subrule (C),
the court shall hear the allegations and proofs of the
parties and take testimony relating to the property,
debts, credits, engagements, and condition of the corpo-
ration. After the hearing, the court may dismiss the
action, order the corporation dissolved, appoint a re-
ceiver, schedule further proceedings, or enter another
appropriate order.

"(E) Suits by Receiver. An action may be brought by
the receiver in his or her own name and may be
continued by the receiver's successor or coreceiver. *An
action commenced by or against the corporation before
the filing of the complaint for dissolution is not abated
by the complaint or by the judgment of dissolution, but
may be prosecuted or defended by the receiver. The
court in which an action is pending may on motion
order substitution of parties or enter another necessary
order.*" (Emphasis added.)

Subrule (E) of this part parallels MCL
450.1834(f); MSA 21.200(834)(f), which states that
"[a]n action brought against the corporation before
its dissolution does not abate because of the disso-
lution". MCL 450.1801 *et seq.;* MSA 21.200(801) *et
seq.,* the dissolution provisions of the Business
Corporation Act, which set forth grounds for disso-
lution in addition to those provided in MCL
600.3501 *et seq.;* MSA 27A.3501 *et seq.* and pre-
scribe the appropriate procedures, are also applica-
ble in this case.

Rules of practice and procedure are governed by

principles of statutory construction when ascertaining the intent of the Supreme Court in promulgating such rules. *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984). Indeed, because the Supreme Court is "truly cognizant of these doctrines" of statutory construction we are especially guided by them in this instance. *People v Lange,* 105 Mich App 263, 266-267; 306 NW2d 514 (1981). Moreover, these rules are to be interpreted in light of, and consistent with, the general purpose sought to be served thereby. *Issa, supra,* p 582. Inasmuch as MCR 3.611 was expressly designed to apply to dissolution proceedings, the general purpose of the statutory provisions relating to dissolution must also be examined.[1]

To begin, neither the language of the court rule nor the statute mandates that a pending action be continued. The language that, "an action * * * is not abated" (or "does not abate") merely instructs that the action *may* survive. Generally, "a dissolved corporation is a dead person, so much so that, in the absence of statute and revival, even pending actions by or against it would abate." *U S Truck Co v Pennsylvania Surety Corp,* 259 Mich 422, 426; 243 NW 311 (1932). See, also, 16A Fletcher Cyclopedia Corporations, § 8147, p 366; *Walder v Paramount Publix Corp,* 132 F Supp 912, 917 (SD NY, 1955); *In re International Reinsurance Corp,* 29 Del Ch 34; 48 A2d 529, 541 (1946); *Esquire, supra,* p 498. Thus, § 834 of the Business Corporation Act and MCR 3.611 are necessary to *permit* an action to continue. In their absence,

---

[1] We note that, generally, where a conflict exists between a general court rule and a statute, the court rule prevails. *Jackovich v General Adjustment Bureau, Inc,* 119 Mich App 221, 232; 326 NW2d 458 (1982), *lv den* 417 Mich 1071 (1983); *Pelley v Peterbilt Motors Co,* 133 Mich App 664, 668; 350 NW2d 787 (1984). Here, however, no conflict exists; the provisions are complementary. Thus, the intended purpose of the statute provides guidance as to the court rule.

abatement would follow as a matter of course (and as a matter of law). MCR 3.611 must be read in context. We do not believe that a provision negating automatic abatement can be extrapolated so as to *require* continuance of the action.

That these provisions are permissive in the sense that they allow (without requiring) continuance is further borne out in the language of MCR 3.611 that a pending action "*may* be prosecuted or defended by the receiver". (Emphasis added.) The Supreme Court, being cognizant of the principles of construction, employed the permissive "may" in providing for the continuance of an action pending at the time of dissolution.[2] Additionally, the final sentence of MCR 3.611(E) serves to bolster this conclusion in that it provides that the court "in which an action is pending may on motion order substitution of parties *or enter another necessary order*". Along these same lines, MCL 600.3501(1); MSA 27A.3501(1) states that "[s]uch actions (for voluntary dissolution) are equitable in nature". The power of injunction is wholly consistent with this notion, as well as with the "necessary order" language of MCR 3.611. Consequently, MCR 3.611 does not preclude the enjoining of the pending action. The question of the propriety of the lower

---

[2] We further note that GCR 1963, 778.4, which was applicable at the time this suit was commenced, provided that a pending suit "shall not abate". Because that language was followed by the provision that the pending suit "may be prosecuted or defended", we believe that the former court rule also intended merely to permit continuance rather than require such. Despite the "shall not abate" language, the portion of the rule addressing the continuance of an action was couched in permissive language. In fact, we find our conclusion in this regard even more compelling in light of the language found in the new rule, MCR 3.611(E), that an action "is not abated". This language more clearly indicates that the rule was and is merely permissive, *i.e.,* an action is not automatically abated, but may be continued. The note following MCR 3.611 recites no substantive change intended by the new language, so that it may be viewed as clarifying what was intended all along. *Kelvinator, Inc v Dep't of Treasury*, 136 Mich App 218, 227; 355 NW2d 889 (1984).

court's action in this regard is not resolved by resort to this rule.[3] Having concluded that MCR 3.611 does not change our previous disposition of this case, we take this opportunity to clarify our prior decision.

Chapter 8 of the Business Corporation Act, MCL 450.1801 *et seq.;* MSA 21.200(801) *et seq.,* is patterned substantially after the statutory scheme prevailing in New Jersey. Compare NJ Rev Stats § 14A:12-1 *et seq.;* see also Michigan Law Revisions Commission (1970), 5th Annual Report, Business Corporation Act Supplement. In this connection, the New Jersey courts have stated that the primary purpose of the provisions relating to dissolution is to protect the rights of all creditors by providing for the payment of debts "ratably", and to prevent individual creditors from procuring a preferment by pursuing independent action to the detriment of other creditors. Indeed, the New Jersey courts have recognized the propriety of enjoining a separate action under circumstances similar to the instant case. See *Trustees of Sea Isle City Realty Co v First National Bank of Ocean City,* 87 NJ Eq 84; 99 A 929 (1917); *Camden Mortgage Guaranty & Title Co v Haines,* 110 NJ Eq 461; 160 A

---

[3] As but one example that the Legislature, as well as the Supreme Court, knows how to require continuance when such is its intention, we point to MCL 257.403(a); MSA 9.2103(a) as additional support for our conclusion. MCL 257.403(a); MSA 9.2103(a) provides long-arm jurisdiction for a plaintiff injured in an automobile accident in this state by a person residing outside the state at the time the complaint is filed. It further provides that "[a]ny action or proceeding pending * * * shall not abate by reason of the death of such nonresident * * *". As noted above, dissolution is viewed as "corporate death" in the absence of a statute to the contrary. *US Truck Co, supra.* Thus, this provision parallels § 834 and MCR 3.611 in that it establishes survival of the action. However, MCL 257.403(a); MSA 9.2103(a) states that the executor of the deceased defendant *"shall * * * be brought in and substituted in the place of the decedent, and the action or proceeding *shall continue".* (Emphasis added.) In contrast to § 834 and MCR 3.611, this provision is clearly mandatory.

413 (1932). These decisions were based on the court's equitable powers in such matters.

Furthermore, MCL 600.3501(2); MSA 27A.3501(2) contemplates that all creditors be involved in the dissolution proceedings,[4] as does MCL 450.1841(2); MSA 21.200(841)(2), which defines "creditor" to include all persons to whom the corporation is indebted, including secured and unsecured creditors. These provisions evince an intent to compel all creditors to pursue their claims as provided in the Business Corporation Act and to discourage preferment of claims by allowing separate suits which may exhaust the corporation's assets to the detriment of other creditors.

Finally, we noted in our previous decision that § 842(2) evinced a like intent by providing that failure to file a claim pursuant to the act "barred [all creditors] from suing on the claim". We stated that "filing a claim under § 842 of the Business Corporation Act would seem to be the exclusive remedy for a creditor of a corporation seeking dissolution". 136 Mich App 498. By this we do not mean to imply that all pending suits must be enjoined and claims must then be made pursuant to that section. Rather, where such action is enjoined, the creditor must follow the provisions of the act. Similarly, § 842 is the exclusive remedy for creditors who have no claims pending at the time of dissolution. But to the extent that a claim is pending at the time of dissolution and the action is permitted pursuant to MCR 3.611(E), or to the extent that good cause may be shown under § 851 (discussed below), § 842 is not the exclusive remedy. Its purpose is, however, "to compel all creditors who may reasonably be expected to file their claims to do so within the prescribed time and to

---

[4] MCL 600.3501(2); MSA 27A.3501(2) states that "[a]ll stockholders and creditors shall be made parties defendant".

* * * [bar] * * * the claim upon failure to do so". Commissioner's Comment, 1972 Amendments to NJ Rev Stats § 14A:12-13.

We also stated that the language in § 842(2), that "this section does not apply to a claim in litigation", referred to notice only. This conclusion is compelled by the fact that § 842(2) states that this *section,* (not *subsection),* which thus includes § 842(1), does not apply to claims in litigation. Since § 842(1) refers to notice, while § 842(2) refers to the presentment of claims following such notice, we conclude that this language was not intended to except claims in litigation from the operation of the Busines Corporation Act, *i.e.,* this section does not operate to automatically allow a suit already pending to proceed independently of the dissolution proceedings. Our conclusion might be different if § 842(2) stated that "this *subsection* does not apply to a claim in litigation", since it would then apply only to the § 842(2) presentment-of-claims provision. Instead, the language employed obviates the need to follow the notice *and* claim provisions where the corporation obviously has notice of the claim. This is consistent with the changes to § 841(1) wrought by 1973 PA 98, discussed in *Esquire, supra,* p 497, fn 1, which abrogated the mandatory nature of the notice provisions in circumstances where, as a practical matter, notice was not needed. We believe that the exception in § 842(2) refers to notice (and a creditor's response thereto) and does not intimate that pending actions are necessarily outside the scope of Chapter 8.

This construction is in harmony with § 851 of the Business Corporation Act. Section 851 envisions additional claims by allowing such in "an action pending under this section *or otherwise".*

This section manifests an intent to repose considerable discretion in the court to control the determination of claims by creditors. A logical corollary to the authority to permit a creditor to make claims under § 851 in an action pending "under this section or otherwise", especially where the action is equitable in nature, is to enjoin (or stay) the independent action and allow the filing of a § 851 claim.

In the case *sub judice,* we find no abuse of discretion by the lower court. Esquire was indebted to various creditors in the amount of $83,418. Its assets totaled approximately $24,000. T.A.S. was Esquire's largest creditor, holding a claim which exceeded $24,000. Thus, payment to T.A.S. would have prejudiced the other creditors, and none of the debts, including that to T.A.S., was secured. Under the circumstances, with approximately 15 other creditors in the same position as T.A.S. and with T.A.S.'s claim being adequately protected by § 851, we adhere to our prior holding that there was no abuse of discretion in the granting of injunctive relief below.

In summary, there is sufficient manifestation in the Business Corporation Act and MCR 3.611 of an intent to *allow* independent actions. Obviously, the enjoining of such action is not required, since the action is not automatically abated, but may be prosecuted or continued. By the same token, however, these provisions are discretionary, so that an injunction is not precluded. The Business Corporation Act provides adequate protection for a creditor whose independent action is enjoined by allowing a § 851 suit. And an action pursuant to the procedures outlined in §§ 842 and 843 may also be available. For these reasons we affirm the decision of the lower court.