JENKINS v FRISON BUILDING MAINTENANCE COMPANY

Docket No. 93758. Submitted November 18, 1987, at Detroit. Decided March 7, 1988. Leave to appeal applied for.

Josephine Jenkins brought an action in the Wayne Circuit Court against Frison Building Maintenance Company alleging that defendant's negligence in applying a floor finishing product to her employer's floor caused her to slip, fall and sustain injury. The jury returned a verdict of no cause of action. Plaintiff appealed alleging that the trial court, Richard D. Dunn, J., erred in disallowing the testimony of plaintiff's expert witness as to a test conducted on the floor.

The Court of Appeals *held:*

There was enough evidence that the test bore a reasonable and substantial similarity to the actual conditions at the time of the accident for the testimony to be submitted to the jury. The lack of exact identity of test and accident conditions goes to the weight and not the competency of the evidence.

Reversed and remanded.

1. EVIDENCE — EXPERT TESTIMONY — TEST RESULTS — APPEAL.

The admissibility of expert testimony and test results on experiments performed by experts is a matter within the discretion of the trial court; the trial court's decision will not be reversed on appeal absent an abuse of such discretion (MRE 702).

2. EVIDENCE — EXPERT TESTIMONY — TEST RESULTS.

It is not necessary that the conditions of a test be exactly identical to the conditions existing at the time of an accident before evidence of an expert's test results may be admitted, but a reasonable or substantial similarity is sufficient; the similarity need not be precise in every detail, it need include only those circumstances or conditions which might conceivably

REFERENCES

Am Jur 2d, Evidence §§ 251, 823, 824, 826.

Admissibility of experimental evidence to determine chemical or physical qualities or character of material or substance. 76 ALR2d 354.

See also the annotations in the Index to Annotations under Evidence; Experiments and Tests.

have some influence in affecting the results in question; the facts need not be exactly or in every particular similar, if they are sufficiently similar to accomplish the purpose of assisting the jury to consider the issue of fact presented in regard to the special point in controversy; the lack of exact identity of test and accident conditions goes to the weight and not the competency of the evidence.

3. EVIDENCE — APPEAL.

The exclusion of competent, material and relevant evidence on an essential issue may be error requiring reversal where the party offering the evidence has received an adverse factual determination of the issue and where consideration of the excluded evidence might have resulted in a different finding.

*Buckfire & Buckfire, P.C.* (by *David Buckfire*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Deanna E. Hazen*), for defendant.

Before: D. F. WALSH, P.J., and SHEPHERD and A. T. DAVIS, JR.,* JJ.

SHEPHERD, J. Plaintiff filed suit against Advance Chemical Company and Frison Building Maintenance Company alleging that their negligence in manufacturing and applying a floor finishing product to the floor of her employer, Michigan Bell Telephone Company, caused her to slip and fall and sustain injury to her back. Plaintiff and defendant Advance settled before trial. The case against defendant Frison was tried to a jury in June, 1986. The jury returned a verdict of no cause of action. We reverse and remand for a new trial.

On January 18, 1982, plaintiff was working the afternoon shift at the northwest service center of Michigan Bell Telephone Company. As she returned from an area designated as "computer 4"

* Circuit judge, sitting on the Court of Appeals by assignment.

to her own work area, plaintiff slipped and fell backwards on her side and hip, hitting her head on the floor. Several witnesses testified that they inspected the area where plaintiff fell and saw nothing that would have caused her to fall. There was no water, defect or other substance in the area. Plaintiff and several witnesses did testify, however, that the floor appeared to be clean and very shiny. Plaintiff testified to a difference in the surface of the floors between the Friday past and that Monday. On Friday they were dull and dirty and on Monday, the day of her fall, the floors appeared to be clean and shiny as if they had just been waxed.

At trial there was conflicting testimony whether defendant was responsible for the ongoing maintenance of the floors in "A" Building at the time of plaintiff's fall. There was no direct evidence presented that defendant or anyone else performed any specific operation upon the floor over the weekend in question. There was testimony that when the floors were stripped and waxed at the northwest service center they would be done on weekends.

The key issue on appeal was the trial court's ruling, prior to commencement of the trial, to disallow the testimony as to test results of plaintiff's expert witness, Dr. Joseph Ryan. The court granted defendant's motion in limine, finding that the test conducted by Dr. Ryan was dissimilar to the conditions and procedures employed by defendant in applying the floor finish product and that such testimony would not assist the trier of fact.

The admissibility of expert testimony and test results on experiments performed by experts is a matter within the discretion of the trial court. MRE 702. This Court will not reverse such a decision absent an abuse of discretion. *Pelley v*

*Peterbilt Motors Co,* 133 Mich App 664, 669; 350 NW2d 787 (1984). The issue of the admissibility of results from tests conducted by experts has been addressed frequently in the Michigan appellate courts. We believe a holding in an older case most accurately states the law:

> "It is not necessary, however, that the conditions should be exactly identical, but a reasonable or substantial similarity is sufficient, and the lack of exact identity affects only the weight and not the competency of the evidence, provided always that there is such a degree of similarity that evidence of the experiments made will accomplish the desideratum of assisting the jury to an intelligent consideration of the issues of fact presented." 22 CJ, p 759.
>
> \* \* \*
>
> "This similarity need not be precise in every detail. It need include only those circumstances or conditions which might conceivably have some influence in affecting the result in question." 1 Wigmore on Evidence, § 442.
>
> "The facts need not be exactly or in every particular similar; if they are sufficiently similar to accomplish the purpose of assisting the jury to intelligently consider the issue of fact presented in regard to the special point in controversy, the evidence is admissible." *Atlanta [& W P] R Co v Hudson,* 2 Ga App 352, 354 (58 SE 500) [1907]. [*Smith v Grange Mutual Fire Ins Co of Michigan,* 234 Mich 119, 126-127; 208 NW 145 (1926).]

It was the trial court's opinion that the tests involved were so totally dissimilar to the conditions at the time of the fall that it would be "highly prejudicial" to admit the results of the test. In explaining why the three-year time differential between the accident and the test was immaterial, Dr. Ryan stated the following in his deposition:

But more fundamentally the reason why it doesn't make any difference is because the testing of the floor surface is not done on the vinyl. It's done on the floor wax material which forms a film several thousandth's of an inch thick which is then buffed to a relative hardness so that it has no influence, that is the wear of the tile has no influence at all on the results of the test.

Thus the test itself is conducted on the buffed floor wax material. Although there were some dissimilarities in the method of cleaning the floor and in the method of applying the wax, we believe there was enough evidence that the test bore a "reasonable or substantial similarity" to the actual conditions at the time of the accident for the testimony to be submitted to the jury. *Smith, supra* at 126. The testimony of David Frison, defendant's founder and manager, was that a "thin coat of wax" was applied with a mop after the mop was squeezed in a mop ringer. He emphasized that the wax must be applied evenly and in a thin coat. Dr. Ryan's method of applying the wax, by wiping it on with a cloth, would have provided only a thin coat.

In arriving at his conclusion that the floor was unacceptably slippery, Dr. Ryan made ten runs with his pull meter. In seven of those runs his meter readings were classified as slippery or relatively slippery. In three of those runs the friction level would have been classified as acceptable. The key difficulty in the testing method was that it was conducted according to plaintiff's subjective recollection as to the shininess of the floor. The test was conducted at the spot in the floor where plaintiff recalled falling. After the floor was cleaned and the wax was applied, it was buffed to a level of shininess such as plaintiff recalled at the time of the initial accident. Dr. Ryan conceded

that, while the test results were accurate, these results might not accurately reflect the slipperiness of the floor at the time of the accident due to the variability of plaintiff's recollection as to the degree of shininess of the floor at the time of the accident. However, the lack of exact identity of test and accident conditions goes to the weight and not the competency of the evidence. *Smith, supra* at 126. We believe the expert's testimony would have assisted the jury in intelligently considering the issue of fact presented in regard to the issue of defendant's negligence. It would have been the jury's function then to assess the expert's testimony and the significance of the variable of plaintiff's recollection.

We reverse. When competent, material and relevant evidence on an essential issue has been excluded, when the party offering the evidence has received an adverse factual determination of the issue, and when consideration of the excluded evidence might have resulted in a different finding, this Court has held the exclusion to be error requiring reversal. *Johnson v Detroit,* 79 Mich App 295, 300; 261 NW2d 295 (1977).

We are aware of the recent case of *Duke v American Olean Tile Co,* 155 Mich App 555; 400 NW2d 677 (1986), in which this Court reversed a judgment for the plaintiff, in part, on the basis that expert testimony, crucial to plaintiff's case, was admitted although it lacked probative value. In that case the expert's test was admitted although there was no foundation established that the test was conducted under substantially similar circumstances as the accident. The trial court's ruling on the issue effectively placed the burden of proof on defendant to establish a dissimilarity. We reversed.

In the instant case, we believe the deposition

testimony of Dr. Ryan established that the test here was substantially similar to the conditions existing at the time of the accident. The key issue was the slipperiness of the floor wax, several thousands of an inch thick, not the method of cleaning the floor and applying the wax. Again, the variability between the actual conditions and the experiment conditions, resulting from plaintiff's recollection, goes to the weight and not the competency of the evidence. We note that this Court has affirmed the admission of expert testimony of an experiment on facts substantially similar to those in the present case. See *Perry v Hazel Park Harness Raceway,* 123 Mich App 542; 332 NW2d 601 (1983). In that case a test was conducted some five years after the initial accident. The test was conducted on the surface only after a defense witness testified that it looked and felt similar to the floors he remembered at the time of the accident some five years before. 123 Mich App 552.

Given our present ruling, we do not address plaintiff's other claim of error.

Reversed and remanded.